HARRY H. LAMKIN, Respondent, *v.* JOSEPH W. PALMER, Appellant.

1. APPEAL — WHEN QUESTION OF LAW DEPENDENT UPON DETERMINATION OF QUESTION OF FACT IS NOT REVIEWABLE. The question as to whether a contract is void under the Statute of Frauds is ordinarily a question of law reviewable by the Court of Appeals under an exception taken to a refusal to nonsuit upon that ground; but in a case where that question is dependent upon the determination of a question of fact, viz.,

as to whether there was a consideration sufficient to sustain the contract, and that has been settled by a verdict and by a unanimous affirmance by the Appellate Division of the judgment entered thereon, exceptions to the refusal to nonsuit upon that ground raise no question which the Court of Appeals has power to review.

2. Tʀɪᴀʟ — Rᴇꜰᴜsᴀʟ ᴏꜰ Rᴇ\u0051ᴜᴇsᴛ ᴛᴏ Cʜᴀʀɢᴇ. Where a stockholder of a corporation, who is also a creditor, signs a consent that a sale of its property be made, and receives in lieu thereof from the party benefited by such consent his oral promise to pay from the proceeds of such sale the sum due to him as a creditor, the question of consideration to support the agreement is not solely dependent upon such consent as a stockholder, and upon the trial of an action to recover such sum, a request to charge that it was not necessary that every stockholder should give his consent either in writing or orally in order to enable the trustees to make a valid sale of the property of the corporation is properly refused.

*Lamkin* v. *Palmer*, 24 App. Div. 255, affirmed.

(Argued June 15, 1900; decided October 2, 1900.)

Aᴘᴘᴇᴀʟ from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 30, 1897, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Walter S. Hubbell* for appellant. There was no consideration for defendant's alleged promise to pay the plaintiff, and such, if made at all, was a void promise. (*Jones* v. *Bacon*, 72 Hun, 506.)

*Frank Brundage* for respondent. The promise of the defendant to pay the plaintiff's claim in order to procure him to sign the consent was not the promise of the defendant to pay the debt of another, but his personal promise upon a sufficient consideration, and the debt thereupon became the debt of the defendant. (*Leonard* v. *Vredenburgh*, 8 Johns. 39; *Mallory* v. *Gillette*, 21 N. Y. 417; *Brown* v. *Weber*, 38 N. Y. 187; *Jones* v. *Bacon*, 72 Hun, 506; 145 N. Y. 446; *Ackley* v. *Parmenter*, 98 N. Y. 425; *Smart* v. *Smart*, 97 N.

Y. 559; *White* v. *Rintoul,* 108 N. Y. 223; *F. N. Bank* v. *Chalmers,* 144 N. Y. 432; *Raabe* v. *Squier,* 148 N. Y. 81; *Merserau Co.* v. *Washburn,* 6 App. Div. 404.)

HAIGHT, J.  This action was brought to recover the sum of $2,150.00 upon an oral promise of the defendant to pay the plaintiff that sum out of the proceeds of the sale of the property of the M. S. Robinson Musee Co.

The facts are somewhat complicated, but for the purpose of raising the questions presented upon this appeal, they may be briefly stated as follows: The plaintiff was an employee and stockholder in the M. S. Robinson Musee Co., a corporation operating theatres in the city of Buffalo and in the city of Rochester.  He had loaned to the president of the company, M. S. Robinson, to be used by the company in the operation of its theatres, the money in question.  The Buffalo theatre had been destroyed by fire and the defendant had become obligated to pay certain indebtedness incurred by the Rochester theatre.  He had procured from a person in Detroit an offer to purchase from him the Rochester property, and was endeavoring to procure the consent of the stockholders for the sale to him of such theatre to the end that he might accept the offer of the Detroit gentleman and effect a sale to him and then appropriate the proceeds to the payment of the debts of the Rochester theatre which he had become obligated to pay. The defendant, in order to induce the plaintiff to sign the consent, made the agreement, upon which this action is founded.  The defendant, by his answer, denied many of the allegations of the complaint and then alleged: "That the agreement referred to in the complaint, if made at all, was made without consideration, and the same not being in writing was void by the statute of frauds of the State of New York."  Upon the trial, at the conclusion of the plaintiff's evidence, the defendant moved for a nonsuit upon the grounds that the plaintiff had failed to establish a cause of action; that the contract proven was made absolutely without any consideration, and that it was void under the Statute of

Frauds. The motion was denied and an exception was taken. The same motion was renewed at the conclusion of the evidence with a like ruling and exception.

We are of the opinion that these exceptions do not raise any question which this court has the power to review. Ordinarily the question as to whether the contract is void under the Statute of Frauds is a question of law which may be reviewed in this court under an exception taken to a refusal to nonsuit upon that ground; but in this case the question is dependent upon the determination of a fact at issue under the pleadings, and that is as to whether there was a consideration sufficient to sustain the contract. If there was a new and distinct consideration moving to the defendant and beneficial to him, the promise to pay was not within the statute. (*Leonard* v. *Vredenburgh*, 8 Johnson, 29, 30; *Raabe* v. *Squire*, 148 N. Y. 81.) The question, therefore, is as to whether there was a new and distinct consideration moving to the defendant out of which he expected to derive a benefit. This called for a determination of a question of fact which has been settled by the verdict and the unanimous affirmance of the judgment entered thereon by the Appellate Division. (*Szuchy* v. *Hillside Coal & Iron Co.*, 150 N. Y. 219; *Amherst College* v. *Ritch*, 151 N. Y. 282; *Ayres* v. *D., L. & W. R. R. Co.*, 158 N. Y. 254; *Reed* v. *McCord*, 160 N. Y. 330; *Cronin* v. *Lord*, 161 N. Y. 90; *Lewis* v. *Long Island R. R. Co.*, 162 N. Y. 52.)

In submitting the case to the jury the court refused to charge the defendant's request to the effect that it was not necessary that every stockholder should give his consent either in writing or orally in order to enable the trustees to make a valid sale of the property of the corporation. Assuming, for the purpose of this case, that the request presented a sound proposition of law, we are of the opinion that no error was committed by the refusal of the court to so charge, for the reason that it had no application to the facts of this case. The plaintiff had furnished money to be used in carrying on the business of the corporation; he was a creditor and had

the right to seek indemnity from the assets of the company. The defendant was seeking a transfer of the assets of the company so that he could convert the same into money and pay off the debts that he had become obligated to pay. The plaintiff, by his consent, released his right to follow the assets for the satisfaction of his claim and accepted the promise of the defendant to pay him out of the proceeds of the sale. The contemplated purchaser refused to complete the purchase unless the claim of the plaintiff was settled or his consent to the transfer obtained. The sale was for $12,000. The transaction was, therefore, beneficial to the defendant, for it enabled him to relieve himself of a greater portion of the obligations assumed by him to the other creditors. The question of consideration to support the agreement was not, therefore, dependent solely upon the consent of the plaintiff as stockholder.

The other exceptions to which our attention has been called were properly disposed of by the Appellate Division.

The judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, VANN, LANDON and CULLEN, JJ., concur.

Judgment affirmed.