(60 Misc. Rep. 282.)

### In re GANS' WILL.

(Surrogate's Court, New York County.   June 27, 1908.)

1. WILLS—CONSTRUCTION—VALUATION OF ESTATE—ITEMS DEDUCTED—EXPENSES OF ADMINISTRATION—"TOTAL ESTATE."

A will, after making certain bequests, provided that they should be paid in full only in case the total estate, as valued by the executors, should amount to $300,000, and, in case it was valued at less, said legacies should abate proportionally.   The executors on their accounting stated that it was impossible to value the estate under this provision until the assets had been realized upon and all claims paid and the administration expenses discharged, and after these items had been deducted they valued the estate at $258,000; some $20,000 having been deducted as expenses of administration.   Held, that the provision as to the valuation of the "total estate" meant the gross estate after payment of just debts, and in such valuation the expenses of administration should not have been deducted.

2. SAME—RIGHTS OF LEGATEES—ABATEMENT—EFFECT OF CODICIL.

A will, after making certain charitable and other bequests, provided that they should be paid in full only in case the total estate, as valued by the executors, should amount to $300,000, and in case it was valued at less, said legacies should abate proportionally.   A codicil directed that all charity bequests be paid in full.   The valuation placed upon the estate by the executors was less than $300,000.   Held, that the codicil relieved the charitable bequests from abatement, and they should be paid in full as provided thereby.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 2102.]

3. SAME.

Testator, in the second paragraph of his will, made certain charitable bequests, and the seventh paragraph gave a sum to his executors in trust to pay the income to his brother-in-law during life, and upon the latter's death the trust fund to become a part of the residuary estate, which was not given to charities.   In paragraph 8 of the will, one of the executors was given a legacy, and by the second codicil the same person was given an additional sum.   Paragraph 10 of the will provided that the legacies mentioned in the preceding paragraphs should be paid in full only in case the total estate, as valued by the executors, amounted to $300,000, and in case it was valued at less the legacies should abate proportionally; but the third codicil directed all the charity bequests to be paid in full.   Held, that the gift to his brother-in-law should abate, as well as the gift in the eighth paragraph to the executor, they both preceding the tenth paragraph; but the second gift to the executor made by the second codicil should not abate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 2102.]

4. SAME—"SPECIFIC LEGACY"—GIFT OF INSURANCE POLICY.

A bequest of life insurance of a specified amount in a company named is a "specific legacy," which carried with it the gift of all its accretions.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp 6600–6604; vol. 8, p. 7803.]

5. SAME—INTEREST ON BEQUESTS—TIME OF COMPUTATION.

Interest on legacies runs from one year after the issuance of letters testamentary, and is not deferred until the date of valuation of the

estate required by the will to be made by the executors, which was not made by them until the time of their filing of the account and petition in proceedings for distribution.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1849–1865.]

Application for the construction of the will of Louis Gans, deceased, on the final accounting of the executors. Will construed, and mode of distribution directed.

Ferdinand Kurzman (Abraham L. Gutman, of counsel), for executors.

Everett V. Abbott, for residuary legatees.

Melville H. Cane, for Joseph Gans and other legatees.

James M. Chapman, for Ada H. Merdian.

Harry G. Hecht, for Louis Gans, Jr.

Gherardi Davis, special guardian.

Stroock & Stroock, for Montefiore Home for Chronic Invalids.

Hoadley, Lauterbach & Johnson, for Mt. Sinai Hospital and Hebrew Benevolent & Orphan Asylum Society.

BECKETT, S. In this accounting proceeding, a construction of the will is necessary in order that a decree may be made directing distribution. Objections were in the first instance filed to the account of the executors, but they were thereafter withdrawn. Counsel representing the various parties in interest have fully presented by brief and oral argument their theories as to the questions of construction involved. The will of the testator is dated July 17, 1902. From its text it is evident that it was prepared with the skill of a legal mind. Ferdinand Kurzman, Esq., is one of the subscribing witnesses thereto, and the two executors who qualified, who are the accounting parties here, are John Frankenheimer, Esq., and Edward A. Merdian. Attached to the will are five codicils, ranging in date from November 20, 1902, to January 15, 1904. It is equally evident that these five instruments, which are in testator's handwriting, were prepared by a layman. In them legal phraseology has been discarded, but, nevertheless, the language is clear, terse, and precise. There are no attestation clauses attached to any of the codicils. All six of the instruments were admitted to probate on or about December 7, 1904. By the terms of the will, paragraph marked "second," the testator bequeaths to the Montefiore Home for Chronic Invalids, in the city of New York, the sum of $25,000, and follows such legacy in the same paragraph by more than 15 other charitable bequests, following which, from paragraph marked "third" to paragraph marked "ninth," inclusive, he makes various bequests, and then provides as follows:

"Tenth. I expressly declare that the legacies mentioned in the preceding paragraphs of my will shall be paid in full only in case my total estate as valued by my executors shall amount to three hundred thousand dollars, and in case my estate shall be valued by my executors at less than three hundred thousand dollars, then the legacies hereinbefore mentioned shall abate proportionately."

The accounting executors, by the petition filed in this proceeding, allege, in paragraph 6, that it was impossible to value the estate under

this power in the will until the assets had been realized upon and all the debts and claims against the estate had been paid and all administration expenses discharged, and that thereupon they valued the same at $258,000. Upon the argument an itemization, known as "Exhibit A," the mathematical correctness of which was conceded, was submitted on consent, wherein it was shown, among other things, how the executors arrived at the valuation of $258,129.60, and it there appeared that this result was attained by the deduction in part of items as follows: The amount of schedule C, being amount of administration expenses, $21,411.73, and commissions, estimated in accordance with calculations disclosed in the exhibit, $6,810.72. But the testator, by paragraph "tenth" of his will, provided:

"In case my total estate as valued by my executors * * * and in case my estate shall be valued by my executors at less than three hundred thousand dollars, then the legacies hereinbefore mentioned shall abate proportionately."

I think when the testator said "total estate" he meant his gross estate after payment of his own just debts, and, inasmuch as the executors have chosen the time of the accounting as their day of exercise of their power of valuation, I see no justification in the exclusion of the two items above mentioned. I will make a construction that the valuation of the estate shall be $286,352.05, instead of $258,129.60.

By the terms of the third codicil, dated July 1, 1903, the testator provided as follows:

"I hereby direct that all my charity bequests shall be paid in full; the inheritance tax shall be paid by my estate. I give and bequeath to Montefiore Home of the City of New York the sum of twenty-five hundred dollars in addition to the amount given in my last will and testament."

The various charitable institutions now appearing urge the construction that by the terms of this codicil all of the charitable bequests prior to paragraph "tenth" of the will, which provides for an abatement under conditions which have eventuated, are, by the terms of this codicil, relieved from such abatement and should be paid in full pursuant to the terms of this codicil. In my opinion they are correct in such contention. I have examined the original codicil still on file in this office. It is evidently written by the testator himself on his business letter head, and I see nothing in the text of the instrument which militates against such construction. On the contrary, the other charitable bequests made in the first and third codicils all tend to indicate that the purpose and intention of the testator were that such charitable provision as he set up in his testamentary papers were to be paid in full

By paragraph marked "seventh" of the will, the testator provided that the sum of $10,000 should be given to his executors in trust to pay the net income thereof to his brother-in-law, Louis Gans, Jr., during his life, and upon his death the said trust fund "shall become a part of my residuary estate"; it appearing that the residuary estate by paragraph marked "eleventh" of the will is not given to charities, and, further, that this provision is in nowise modified by the codicils.

I am of the opinion that this legacy, like all the others preceding paragraph "tenth" of the will (except the charitable bequests), abates pursuant to said last-mentioned paragraph.

By paragraph "eighth" of the will, the accounting executor, Edward A. Merdian, is given a legacy of $2,000 which, under like reasoning abates. By the second codicil, Mr. Merdian is given the sum of $5,000 "in addition to the sum left to said Edward A. Merdian in my last will and testament." In my opinion his $5,000 bequest in the codicil does not abate, but should be paid in full.

By the fifth codicil, testator gave to his brother "Joseph Gans my life insurance of ten thousand dollars in the Manhattan Life Insurance Company of the City of New York." It appeared that he never owned a policy in the Manhattan Life Insurance Company, but he had at the time of his death a $10,000 policy in the Mutual Life Insurance Company. I am of the opinion that said last-named policy was a specific legacy bequeathed by the testator to his said brother, and that it carried with the gift all of its accretions.

The special guardian, in his carefully prepared report, requests of the court that the remainder interest of his ward, Camilla K. Kerekes, should be specifically set forth in the decree to be entered in this proceeding, which reasonable request I understand the attorneys for the executors agree to and the decree may so provide. The special guardian also, and various of the attorneys for interested parties, urge that the various legacies should bear interest. It was contended upon the argument, especially by the counsel for the residuary legatees, that the date of the running of interest upon the legacies was deferred until the date of the valuation, which the executors have voluntarily placed as at the time of their filing of the account and petition in this proceeding; but I cannot agree with that theory, and it seems to me that the weight of authority clearly indicates that interest on legacies shall run from one year after the issuance of letters testamentary. Accordingly, I am of the opinion that all legacies to be paid in full, and the unabated portions of such legacies as abate must draw interest from December 12, 1905. Matter of Oakes, 19 App. Div. 192, 45 N. Y. Supp. 984; Matter of Erving, 103 App. Div. 500, 92 N. Y. Supp. 1109.

A decree conforming to the above construction may be entered upon notice to all the parties who have appeared in the proceeding.