(94 Misc. Rep. 43)

## In re ALTHAUS' WILL.

(Surrogate's Court, Bronx County. December, 1915.)

1. WILLS ⬤⟹734(7)—RIGHTS OF LEGATEES—INTEREST.

A legacy of a particular mortgage being a specific legacy, the legatees are entitled to interest from the date of the death of decedent, instead of from one year thereafter.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1855–1857; Dec. Dig. ⬤⟹734(7).]

2. WILLS ⬤⟹734(7)—CONSTRUCTION—PROPERTY BEQUEATHED—INTEREST.

Under a bequest of a particular mortgage, the legatee is entitled to interest accrued at death of testator.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1855–1857; Dec. Dig. ⬤⟹734(7).]

Proceeding for the construction of the will of Nicolaus Althaus. Decree entered.

Frederick J. Smith, in pro. per.
Adam Wiener, of New York City, for respondent.

SCHULZ, S. The will of the decedent, which has been duly admitted to probate in this court, among other provisions contains the following:

"Thirteenth. I give and bequeath the mortgage now held by me on premises East 17th street, borough of Manhattan, city of New York, on which there is now unpaid the sum of forty-five thousand ($45,000) dollars, to my daughters Lena Smith and Elizabeth Ochse, absolutely, in equal shares, and share alike."

It appears to be conceded that interest upon the principal of the mortgage in question was payable on May 1st and November 1st of each year. The decedent died on September 25, 1915, so that, on the day of his death, interest from May 1, 1915, to September 25, 1915, had accrued but was not then payable. A question has arisen between the executors as to the proper and lawful method of distribution of the interest which accrued between the interest date prior and that subsequent to the date of the death of the decedent.

[1] The parties are all before the court and have filed a written consent that the will be construed. There appears to be no reason why the document should not be construed at this time. Matter of Heller, 86 Misc. Rep. 148, 149 N. Y. Supp. 122. The legacy of the mortgage is a specific legacy. Roper, Legacies, 191; Schouler, Wills & Adm. (1915) § 1461; Thomas, Laws of Estates Created by Wills, 1494; Underhill, Law of Wills (1900) §§ 408–409; Matter of King, 122 App. Div. 354, 106 N. Y. Supp. 1073. Being a specific legacy, the specific legatees are entitled to interest from the date of the death of the decedent, instead of from a date one year thereafter. Murphy v. Marcellus, 1 Dem. 288; Platt v. Moore, Dem. 191. It follows that so much of the interest as accrued after September 25, 1915, is payable to the specific legatees, and I so conclude.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] Whether the interest which accrued on the mortgage prior to the date of death is payable to the specific legatees, or to the residuary legatees, presents a question which apparently has not been directly passed upon in this state in any reported cases that I have been able to find or to which my attention has been drawn. There have, however, been numerous cases in which other securities than mortgages have been under consideration, and if the principles enunciated in those cases are applicable to mortgages I think the conclusion at which I have arrived is not without judicial support in this state.

If I were to consider the question without any prior decisions to guide me, I should unhesitatingly say that it was not the intention of this testator to make a distinction between the principal and the accrued interest, both secured by the mortgage, when he bequeathed the latter. It is the duty of the court to search out the intent of the testator and to give it effect, if possible (Robinson v. Martin, 200 N. Y. 159, 93 N. E. 488), and courts have gone very far, even to the extent of inserting or omitting words and phrases, to give effect to such intent when once ascertained. Phillips v. Davies, 92 N. Y. 199, 204: Roe v. Vingut, 117 N. Y. 204, 22 N. E. 933; Dreyer v. Reisman, 202 N. Y. 476, 480, 96 N. E. 90, 36 L. R. A. (N. S.) 618.

There are a number of cases, such as Murphy v. Marcellus and Platt v. Moore, supra, which held that the legatee is entitled to interest which accrued on a bond and mortgage from the date of death; but in all of those cases the question presented was whether the legatee was entitled to the interest from the date of death or from a date one year subsequent thereto. The matter now under consideration was not discussed or determined therein. The cases which hold that where income is given to a life tenant the latter is entitled to income from the date of death only have no bearing upon the matter in controversy. Nor do I believe that the case at bar is controlled by the decisions which hold that dividends on shares of stock, declared prior to the decedent's death, belong to the testator, and do not pass to a specific legatee of the shares of stock, as was held in Matter of Osborne, 209 N. Y. 450, 103 N. E. 723, 823, 50 L. R. A. (N. S.) 510, Ann. Cas. 1915A, 298, and in Matter of Leavitt, 86 Misc. Rep. 609, 148 N. Y. Supp. 758. The dividends declared upon shares of stock are no part of the shares themselves. A share of stock is not a security for the payment of dividends, but rather "a right which its owner has in the management, profits, and ultimate assets of the corporation." Lamkin v. Palmer, 24 App. Div. 255, 48 N. Y. Supp. 427, affirmed 164 N. Y. 201, 58 N. E. 123.

Looking to other states, a case apparently directly in point is Fleming v. Carr, 47 N. J. Eq. 549, 22 Atl. 197. The clause there under consideration was:

"I give and bequeath to my brother, David Fleming, a bond and mortgage of six thousand five hundred dollars which I now hold against him. * * *"

It appeared that the mortgage was only for $5,600, and that at the date of death interest had accrued on the mortgage. The court held that the bequest carried the $5,600 mortgage and also the interest accrued and unpaid. The decision in this case was based upon the Eng-

lish cases therein cited, an examination of which is both interesting and instructive.

In Roberts v. Kuffin, 2 Atk. 112 (1740), the clause in question was:

"I give to my son Thomas Roberts £200 secured by a mortgage on the estate of Mrs. Marriot. * * *"

And the Lord Chancellor said:

"This entitles the devisee to the principal only of the mortgage, and not to the interest from the time of the execution of the will, nor from the death of the testator, or any other time whatever. If a man give £300 due upon a bond by his will, this does not carry the interest incurred in the lifetime of the testator, because it is quite doubtful what it might amount unto, from the uncertainty of the time the testator might live after making his will. * * *"

In Hawley v. Cutts, Fr. 23 (1742), A. was indebted to B. in the sum of £300. B. by his will gave A. "£300 in money which he oweth me upon bond." At the time of B.'s death there was due nearly £200 for interest, besides the £300 principal, and the question was whether or no the words gave the interest as well as the principal to A. It was agreed that if the words had been, "I give or forgive to A. the debt of £300 which he oweth me," that would have carried the interest as an appendant to the debt, and it was decreed:

"That A. should have only the £300 for that the interest is a fruit fallen from the tree in the life of the testator, and he shall have the £300 barely as he gave it him."

A note to this case states:

"The difference is, certainly, rather a technical one; but the distinction, though refused, may be maintained, on the ground that, in the one case, the bond debt itself is formally and specifically given; but, in the other, the legacy may be construed as a mere pecuniary one, with the subsequent reference to the bond as a convenient mode of payment."

In Harcourt v. Morgan, 2 Keen, 274 (1838), testator provided in a codicil as follows:

"I give and bequeath to my good friends, William Hall and his sister Martha Hall, in equal shares, the amount of the bond I hold from Sir James Hoare, Bart., for £1,300."

The Master of the Rolls held that the legatees were entitled to the arrears of interest on the bond, as well as to the principal.

In Kent v. Tapley, 11 Jur. 940 (1847), the bequest was of bonds enumerated, and the court held that the gift was specific, and carried arrears of interest due at the death of the testator.

The distinction which the English cases make appears to be that if a legacy is expressed in an amount, even though that amount be payable out of a sum secured by the bond and mortgage or evidenced by some other security, the accrued interest does not pass, but if the security itself is bequeathed the specific legatee is entitled to such interest. Such, I think, is also the effect of the opinions in this state, although the specific question, in so far as interest on debts secured by mortgage is concerned, has apparently not been passed upon. In Matter of Solomon, 165 App. Div. 276, 150 N. Y. Supp. 835, the court said:

Sur. Ct.)

IN RE ROWE'S ESTATE

"The bequest to the appellant was not money or the proceeds of property, but of a certain, definite, specified thing, viz. the mortgage and bond for $10,000. * * * The thing given could be distinguished from all other property belonging to the testatrix at the time of her death could be readily identified if it existed, and delivered to the legatee as the particular thing given. This made it, within all the authorities to which my attention has been called, a specific legacy."

In the matter before me for determination the thing given and set apart and to be delivered to the specific legatee was the mortgage, not merely the principal sum secured by it, but also the interest moneys appendant to it. Fleming v. Carr, supra; Parkinson v. Parkinson, 2 Bradf. Sur. 77. See, also, Underhill, Law of Wills, § 409, as follows:

"A legacy of a bond or of a note carries with it, in the absence of statute requiring apportionment, all the interest which has accrued to the death of the testator."

That accrued interest passes with specific bequests of some securities has been held in this state. Thus in Matter of Hastings, 6 Dem. 307, it was held that dividends declared after death, which had been earned before death, went to the specific legatees of the stock. In Estate of William H. Boyer, N. Y. L. J., June 12, 1915, a bequest of bonds was held to carry with it the interest due and evidenced by attached coupons. In Matter of Gans, 60 Misc. Rep. 282, 286, 112 N. Y. Supp. 259, modified in other respects sub nom. Matter of Frankenheimer, 130 App. Div. 454, 114 N. Y. Supp. 975, affirmed 195 N. Y. 346, 88 N. E. 374, 133 Am. St. Rep. 803, it was held that a bequest of a $10,000 policy of insurance carried with it all its accretions.

I am in accord with the reasoning in the cases referred to, and construe the clause in question to contain a specific legacy of the mortgage mentioned, which carried with it the interest remaining unpaid at the time of the death of the decedent, as well as such interest as accrued thereafter.

Decreed accordingly.