Matter of the Estate of EDWARD MICHAELIS, Deceased.

(Surrogate's Court, New York County, January, 1920.)

Wills — construction of — interest on general legacies — trusts — devise — executors and administrators — equitable conversion.

General legacies payable out of the proceeds of real property bear interest from the date when the legatees are in a position to demand payment though practically the legacies are not capable of payment at that time.

Surrogate's Court, New York County, January, 1920.   [Vol. 110.

A devise of real estate to executors in trust to pay the net income to testator's wife and his two daughters, provided that upon the death of the wife the executors should sell the real estate and divide the proceeds equally between the daughters, not exceeding $10,000 to each, with direction to divide the balance equally among the five sons of the testator. No exception was filed to a finding that the failure to sell the real estate was justified because of the bad condition of the real estate market when the widow died in 1917. *Held*, that such provision of the will worked an equitable conversion of the real estate as of the date of the death of testator's widow.

Testator's sons were entitled to share in the income only if the net proceeds of the sale of the property, which has not yet been sold, is in excess of $20,000, and if there be any excess they will be entitled to share therein in the proportion that such excess will bear to the net proceeds of the sale, the balance going to the two daughters who, if the net proceeds of sale are $20,000 or less, will be entitled to the whole of such proceeds together with all of the income earned by said real property since the death of the widow.

Exceptions to referee's report.   (Nathan Ottinger, referee.)

Louis J. Altkrug, for trustees.

Pompan, Price & Lippman, for Estella Michaelis, a daughter of decedent.

Joseph G. Abramson and Philip April, for Blanche Schlosser, a daughter of decedent.

Sullivan & Cromwell, for Isaac L. Gensler, a creditor of decedent.

Cohalan, S.   The will of the decedent devises all his real estate to his executors in trust during the life of his wife, to pay the net income thereof to his wife and to his two daughters, Stella and Blanche.   The

Misc.] Surrogate's Court, New York County, January, 1920.

will then provides: "After the death of my wife, I hereby direct my executors and trustees hereinafter named to sell my said real estate and to divide the proceeds thereof equally between my daughters, Stella and Blanche, not exceeding $10,000 to Stella and $10,000 to Blanche, and I hereby direct my executors and trustees to divide the balance realized from the sale of said real estate equally among my sons, Harry, Solomon, Arthur, Emmanuel and Leo."

The widow died in March, 1917. The real estate has not yet been sold. The only question presented is the disposition of the income from the real estate since the widow's death in March, 1917, in the event that the proceeds of the sale, plus the intermediate income, exceeds the sum of $20,000.

The referee decided that " if the real estate shall fail to realize more than the net sum of $20,000 the entire rents of the real estate shall be payable to Estella Michaelis and Mrs. Blanche Schlosser, one-half to each; if the net proceeds of the sale of the real estate are in excess of $20,000, then the said Estella Michaelis and Blanche Schlosser and the male heirs shall be entitled to participate in the rents in the same proportion in which they participate in the proceeds of the sale." The trustees claim that because of the language of the will, " not exceeding $10,000 to Stella and $10,000 to Blanche," the utmost that the testator directed that his daughters Stella and Blanche should receive of the fund was $10,000 each; that the remainder of the fund, which will consist of so much as the property brings over the amount necessary to pay the two daughters $10,000 each, and the intermediate rents must be divided equally among the five sons to whom the testator made the gift of the balance from the sale of the real estate. Before the referee the two daughters contended that they were entitled to

interest from the date of their mother's death upon their proper share of the proceeds of the sale. This the referee denied upon the ground that the failure to sell was justified because of the bad condition of the real estate market at the time of the widow's death and for a considerable time thereafter. No exception to this finding was filed.

The referee decided that the above quoted provisions of the will operate to work an equitable conversion of the real estate as of the date of the widow's death, and " that the rents in question were payable to those who would have been entitled to receive the proceeds of the sale of the real property if such sale had occurred at that time." *Moncrief* v. *Ross*, 50 N. Y. 431; *Lent* v. *Howard*, 89 id. 169.

The daughters were entitled to their legacies upon the widow's death in an amount " not exceeding $10,000 to Stella and $10,000 to Blanche." A general legatee is entitled to interest from the time the legacy is due and payable. Where such a legacy is not paid until long after it is due, the contention that the addition of interest to the legacy would be contrary to the terms of the will, because the will directed payment " not to exceed " a certain amount, would plainly appear to be without merit. If such payment were made when due it could not exceed the amount bequeathed, but interest is added by the law when the legatee is deprived of that which is rightfully his. " He is in the same position as a creditor and entitled to be awarded interest at the legal rate for such time as he is kept out of his demand." *Matter of Rutherfurd*, 196 N. Y. 311, 315. The right to the income earned by the legacies in the case now before the court is all the stronger because they are in the nature of specific legacies (*Crawford* v. *McCarthy*, 159 N. Y. 514, 519) directed to be paid upon the happening of a certain

event.   Specific legacies are entitled to all accretions and increment thereon. *Estate of William H. Boyer,* N. Y. L. J., June 12, 1915; *Matter of Gans,* 60 Misc. Rep. 282, 286; *Matter of Althaus,* 94 id. 43.   General legacies payable out of the proceeds of real property bear interest from the date when the legatees were in a position to demand payment, though the legacies were not practically capable of payment at that time. *Matter of Hussey,* 67 Misc. Rep. 32.

It seems to me, therefore, that the referee was correct in his decision that the five sons are entitled to share in the income of the real property only if the net proceeds of the sale of the property be in excess of $20,000.   If there be any excess the five sons shall be entitled to share in the income in the proportion which such excess bears to the amount of the net proceeds of the sale, the balance going to the two daughters.   If the net proceeds of said sale are $20,000 or less, the two daughters are entitled to the whole of such proceeds, together with all of the income earned by said real property subsequent to the widow's death.

The exceptions to the referee's report will be overruled and the report confirmed.

Referee's report confirmed.