In the Matter of the Estate of Belle Fowlston, Deceased.

Surrogate's Court, Chenango County, January 30, 1934.

*Minnie L. Seeley*, for the executor and executrix.

*Edwin F. Verreau*, for Charles Holt, conservator of Jesse Floyd Holt.

Brown, S. This is a proceeding for the judicial settlement of the account of the representatives of the estate of Belle Fowlston, deceased. The only question at issue is the right of the beneficiary under a trust created in the will of decedent to interest on the fund since her death. The conservator of the person and estate of Jesse Floyd Holt, an incompetent person, a resident of Norwich, Conn., claims interest on the trust fund from the date of death of testatrix. The representatives of the estate contend that interest runs from one year after letters testamentary were issued.

The clause of the will creating the trust is as follows:

"*Eighteenth.* I hereby give, devise and bequeath to my Executors hereinafter named, in trust, however, the sum of Ten Thousand Dollars ($10,000) for the following uses and purposes: to invest said sum and keep the same invested in good, safe, interest bearing securities and to pay the income and interest arising therefrom, as the same accrues, to my nephew, Jesse Floyd Holt, of Norwich, Connecticut, for and during the term of his natural life; and I hereby authorize and empower my said Executors and Trustees to use and expend so much of the principal of said trust fund as, in their discretion, is necessary, for the comfortable support and maintenance of the said Jesse Floyd Holt."

Interest on legacies generally runs from the time of the completion of the publication of notice to creditors, if such a notice be published, or, if none be published, from the expiration of seven months from the time of granting letters testamentary. (Surr. Ct. Act, § 218.) If the will shows the intention that interest on a legacy will begin at a definite time, such intention controls; otherwise interest begins to run from the time when the legacy is payable. (*Matter of Rutherford*, 196 N. Y. 311; *Matter of Michaelis*, 110 Misc. 185.) Unless a different intent appears in the will, interest on a sum left in trust, with the direction that the beneficiary is to receive the use and income, begins to run from the date of death of the creator of the trust. This rule was announced in the case of *Cooke* v. *Meeker* (36 N. Y. 15), after a thorough discussion of the subject, and (at p. 19) the court says: " The weight of authority, undoubtedly, now is in favor of allowing the payment of annuities or income to commence at the testator's death; " and again (at p. 22): " The authorities would seem abundant, therefore, to sustain the doctrine that when a sum is left in trust, with a direction that the interest and income should be applied to the use of a person, such person is entitled to the interest thereof from the date of the testator's death." The rule announced in that case has been followed since and still obtains. (*Matter of Barnes*, 7 App. Div. 13; affd., 154 N. Y. 737; *Matter of Parkin*, 190 App. Div. 875; *Matter of Harden*, 177 id. 831; affd., 221 N. Y. 643; *Matter of Kings County Trust Co.*, 141 App. Div. 43; *Matter of Carey*, 200 id. 344; *Matter of Ahrens*, 203 id. 30; *Matter of Stanfield*, 135 N. Y. 292; *Matter of Bird*, 241 id. 184; *Matter of Brown*, 115 Misc. 710; *Matter of Dexter*, 134 id. 195; *Matter of Wolfman*, 137 id. 325.)

In *Matter of Stanfield* (*supra*) the will directed that the executor invest $20,000 in bonds and mortgages or government bonds and pay over the income to a son. It is to be observed that here was a direction that the executor invest the fund in a certain class of securities and, notwithstanding such investments might not be made under a year from the date of death, yet the court held that the trust for the benefit of the son drew interest from the date of death of testator. The court say (at p. 296): " There is no difference in principle between the gift of an annuity and the gift of income, with respect to the time when each begins to accrue, and it is conceded that an annuity is payable from the death of the testator, unless a different time is prescribed in the will; " and (at p. 297): " If the estate is sufficient for the liquidation of debts and other charges, and is so invested as to be productive of income from the death of the testator, a bequest of income to a legatee for life must be construed to invest him with a title to such income

from the date of the testator's demise, unless there is some provision in the will from which a contrary intent is to be inferred."

In the absence of anything to indicate a different intent, a trust is created at the death of the testator. (*Matter of Bird, supra.*) In that case (at p. 187) Judge ANDREWS said: " Where a sum is left in trust with a direction that the income be paid to A, then A is entitled to income from the death of the testator." I find nothing in the eighteenth clause of the will under consideration to indicate an intention on the part of testatrix that interest should not begin to run on the trust fund from the date of her death. There is no direction that the executor, following the administration of the estate in such capacity, shall turn over to himself or any other person as trustee the sum mentioned in the clause quoted. The bequest in trust is made to the executor and, while he may be acting in the fiduciary capacity of a trustee following the receipt of the fund, he receives it as executor. He is directed to pay the interest and income from the fund " as the same accrues." It is the contention of the executors that the words " as the same accrues," as they appear in the will, indicate an intention on the part of the testatrix that the life beneficiary is entitled to income on the trust fund from such time as the fund may come into the hands of the executor acting as trustee and as the same accrues following such time. To my mind, the words " as the same accrues " relate to the frequency with which payments of income shall be made rather than indicating an intent to postpone the time when the fund will begin to carry interest. The executors are not required to invest in any specified class of securities or to handle the fund in such a manner as might require considerable time before the trust could be set up. The greater portion of testatrix's estate was invested in interest-bearing securities at the time of her death and the estate came into the hands of the executors in such form. I find nothing in the will to convince me that the testatrix intended to postpone the creation of the trust to some time subsequent to her death. If this conclusion is right, then it follows that the beneficiary for whom the trust was created became entitled to its benefits on her death (*Matter of Bird, supra*), and interest begins to run from that time.

The assets of the estate were ample to pay all expenses, debts and general legacies, leaving a surplus for the residuary legatees. It appears from the account that the income earned and accounted for is $557.40. The account of the executors and their petition for judicial settlement were filed within a month of the expiration of the year after testatrix's death. The decree may direct the payment of the income received by the executors in the amount of $557.40 to the conservator of the beneficiary named in the trust.