Matter of the Judicial Settlement of the Account of The Peoples Trust Company, as Trustee under the Last Will and Testament of George L. Pease, Deceased.

(Surrogate's Court, Kings County, January, 1919.)

Wills — trusts — powers in trust — interest on bequests.

The donee of a power of appointment under her father's will directed her executors and trustees to expend $100,000 in the erection of a public library in a certain village to be called the " George L. Pease Memorial Library " and further directed that if the village accepted it, the library when completed should be conveyed to the village and she bequeathed to her executors in trust $50,000 for the maintenance of the library. In case the village accepted the responsibility of the maintenance of the library the executors were authorized to pay over to it said $50,000 for that purpose, and they were also empowered to enter into such arrangement with the village as they might deem proper for the best interests of the library, and they were still further empowered, on like condition, to form a corporation which would take the legal title to the building and the endowment fund. *Held,* that the direction as to the expenditure of the $100,000 was not a gift appointed, but was in the nature of a power in trust, to be satisfied by the

payment of that sum in one amount or in several installments within a reasonable time after the death of the daughter, but without interest unless the reasonable time for payment was exceeded.

The provision as to payment of the $50,000 was a gift in trust and properly bore interest from the death of the daughter.

PROCEEDING upon the judicial settlement of the account of a trustee.

Wingate & Cullen (Conrad Saxe Keyes, of counsel), for Peoples Trust Company.

Davies, Auerbach & Cornell (Sydney G. C. Soons, of counsel), for Gertrude Gregory Pugh, Edna Pugh, Frances Pugh Kraft and Marjorie Pugh Levick.

KETCHAM, S.  In accordance with the will of the testator and the power of appointment therein reposed in his daughter, the residue of his estate passed upon her death by the appointment contained in her will to many persons and corporations, some of whom take specific sums and one of whom receives the residue.

It is held that general gifts passing under such appointment bear interest from the date of the death of the donee of the power (*Dixon* v. *Storm*, 5 Redf. 419), and this authority, unimpaired by any adverse decision or criticism, controls this case.

Among the dispositions made by the will of the daughter is the following: " I direct my executors and trustees hereinafter named to expend the sum of one hundred thousand dollars in the erection of a free public library in the Village of Ridgewood, New Jersey, in loving memory of my father, George L. Pease, and to be called the ' George L. Pease Memorial Library;' and I direct that if the Village of Ridgewood will accept the same that said library when completed be conveyed to the village of Ridgewood; and I also give

to my executors the sum of Fifty thousand dollars to be held in trust by them for the maintenance of said library.''

These words are followed by provisions empowering the trustees '' if the proper governmental authorities of the Village of Ridgewood will accept the responsibility for the maintenance of said library, to pay over to them the said sum of fifty thousand dollars for that purpose   *   *   *'' and to enter into such arrangement with such authorities as they may deem proper for the best interests of such library, and for the carrying into effect of the wishes of the testatrix, '' either as to the furnishing of additional funds by the village or the supplying of additional endowment or the selection of a suitable site;'' and also empowered the trustees, '' if they shall deem it to be for the best interests of said memorial, to form a corporation, which shall take legal title to the said library building and the said endowment fund.''

So far as this provision directs the expenditure of $100,000, it is not a gift appointed. It is rather a direction in the nature of a power in trust to apply the sum named to the indicated purpose. It is not to be satisfied by a single payment. Indeed, it may well contemplate many payments to be made, necessarily at times after the death of the daughter and separated by substantial periods. The earliest of these payments is not to be made immediately upon the death of the daughter, and can only become due when arrangements for the building and administration of the library shall be perfected. The trustees are necessarily given a reasonable time in which to begin the contemplated payments.

The will does not intend a legatee to whom any part of this payment is to be made, nor does it intend to fix the time when such payment is to be made or initiated.

It follows that the provision as to $100,000 is to be satisfied by the payment of that sum in one amount or in several installments within a reasonable time after the death of the daughter, but without interest, unless the reasonable time for payment be exceeded. It is, otherwise, with respect to the provision for the payment of $50,000, which is in truth a gift in trust, and must properly bear interest from the date of the death of the daughter, together with the other gifts designated in the later will.

That the burden should fall upon the residue is obviously proper, since all that passes by the residuary provision is that which is left after the full satisfaction of the general and specific legacies.

Decreed accordingly.