In the Matter of the Judicial Settlement of the Final Account of Proceedings of CHARLES E. BIRCH, as Executor, etc., of LILLIE E. PHELPS, Deceased, and of the Construction of Paragraph Eleventh of Said Will.

Surrogate's Court, Westchester County, January 3, 1929.

*Silas S. Clark* [*Otto C. Jaeger* of counsel], for the petitioner.

SLATER, S. In this accounting proceeding a construction of the 11th paragraph of the will is sought. The will gives certain money legacies outright, as well as in trust. The residuary paragraph is in this language:

" *Eleventh.* All the rest, residue and remainder of my estate, I give to my executors hereinafter named for the following purposes, viz: To convert the same into money and after paying their commissions to divide and pay over said residue to my devisees heretofore named in the same proportion as the specific devises heretofore given them, may have to each other and I give the said residue to my said devisees in that manner but if my estate should not be sufficient to pay them in full, I direct that the same be divided between my said devisees in like proportion."

Thus the general legatees of money become in their due proportion residuary legatees.

The will is dated October 31, 1922. The decedent was an aged lady who had two days before been afflicted with paralysis of her right side. The first codicil is dated November 4, 1922. It gives to two other legatees legacies of money, one of $300 and one of $500. In the opening clause of the codicil, which refers to the will dated the 31st day of October, 1922, the testatrix says: " * * * do make and publish this codicil thereto, which is to be taken as an *addition to and a part of my said Last Will and Testament.*" At the end of the codicil the testatrix uses these words: " * * * and I hereby ratify and confirm my said Last Will and Testament in every respect save so far as any part of the same which is inconsistent with this codicil."

Later, and in the year 1926, two other codicils were executed, containing gifts of certain personal property other than money, like jewelry, clothing and paintings, except in the last codicil dated February 26, 1926, a gift of $100 was made to the Nursing Association of White Plains.

Upon this final judicial settlement there will be a residue to pass under the residuary clause of the will. It is contended by the executors that the two legatees mentioned in the first codicil and the money legatee mentioned in the last codicil should not take part in the division of the residue because the 11th paragraph empowers the executors " to divide and pay over said residue to my devisees *heretofore named* in the same proportion as the specific *devises heretofore given* them, may have to each other." (Italics

mine.) Stress is placed upon the word "heretofore" as tending to bar the legatees in the codicils from partaking as residuary legatees.

In construing a will it has been repeatedly held that the object of the courts is to ascertain not an intention simply, but the expressed intention of the testator, i. e., the intention which the will itself either expressly or by implication declares, and then to give effect to the legal consequences of that intention when ascertained. (*Matter of Silsby*, 229 N. Y. 396; *Matter of Buechner*, 226 id. 440.)

A codicil is a will which is supplementary to an existing will. Section 2 of the Decedent Estate Law provides that the term "will" shall include all codicils. An individual may execute any number of codicils, but all of the writings together constitute the will. A codicil may add to, or supplement, the provisions of the will, or it may alter, qualify or modify those provisions, or revoke them. A codicil is a part of the will and the writings are to be read together as parts of one and the same instrument. The will and codicils must be read together and construed so as to form a consistent whole. (*Matter of Marshall*, 119 Misc. 407; *Crozier* v. *Bray*, 120 N. Y. 366, 374; *Herzog* v. *Title Guarantee & Trust Co.*, 177 id. 86; *Matter of Buechner, supra.*) The general doctrine is that a codicil executed with the formalities required by statute for the execution of wills operates as a republication and continuation of the original will so far as it is not changed by the codicil. (*Brown* v. *Clark*, 77 N. Y. 369; *Cook* v. *White*, 43 App. Div. 388; affd., 167 N. Y. 588.) Thus the will as one instrument speaks as of the date of the last codicil, February 26, 1926. In ascertaining the effect of the gifts of money in the codicils, all the instruments must be read and interpreted as one. From them the intention of the testatrix must be ascertained.

If the original paper writing and the codicils are to be treated as one will, where shall it be said that the gifts of money legacies in the codicils are to be placed with reference to the paragraphs in the original paper writing? If they are to be placed at the end of the will, then the executor contends that the word "*heretofore*" must refer, and does refer, only to the legacies given in the prior clauses of the original will. If the money legacies in the codicils are lodged in the original paper writing before the 11th paragraph which deals with the residue, then there is no force to the contention of the executor with reference to the word "*heretofore.*"

The codicil is the last testamentary expression, and the later expression of intention is sometimes shown by position or location of arrangement. (*Van Nostrand* v. *Moore*, 52 N. Y. 12.) Such rule is not absolute and is a last resort of construction. (*Adams* v.

*Massey*, 184 N. Y. 62.) The determination of the intention must control and the whole instrument must be viewed and examined. (*Crozier* v. *Bray, supra; Callahan* v. *Volke*, 127 Misc. 735, 741.)

Here the codicils do not in terms revoke anything. The change effected by the codicils upon the residuary gift tends to lessen it and also operates to introduce a new divisor in the distribution of the residuary estate. In other words, in reading the will, I take in the codicils and read them at the end of the money legacies of the original will and prior to the residuary clause. In that way the clear and obvious purpose of the testatrix is given effect. The will as a whole speaks from the time of death and then it is evidenced by the will and codicils taken together. (*Hard* v. *Ashley*, 117 N. Y. 606.)

The cases quoted in the brief for the executor relate to the right of a legatee in a will, later deposed by a codicil, to share in the gift of the residue to those who have " heretofore " been given legacies. Such is not the instant case.

By the use of the words " to my devisees " (of course, meaning legatees) " *heretofore named* " the testatrix intended to give her residuary estate to the legatees *up to this time named* — the date of the will. As the first codicil expressly republished the will and as the last codicil acted as a republication of all prior paper writings, the word " heretofore " used by the draftsman of the will I conclude was meant to include *all* monetary bequests " up to this time named "— the date of the codicil, February 26, 1926 — when the original will was republished and brought down to that date.

It follows that the gifts of money to the legatees named in the codicils should come after and be paid in regular succession and sequence to the gifts of money in the original paper writings so that, when the residue is divided among those " heretofore " devisees, it will include the legatees of money named in the first codicil, as well as in the last codicil.

Going to the four corners of the paper writing for words indicating intention, it is found that in the first codicil the testatrix especially declared it was to be taken as an " addition to and a part of my said Last Will and Testament," clearly showing that the codicil was an afterthought, and it was her intention that it should be lodged in the original paper writing, following the gift of general legacies.

I think the plain and intended effect of the additional gifts of money is to add them to and directly follow those gifts of money in the original paper writing. The effect of the codicils was to incorporate in the will additional legacies. This must necessarily

be so, because the residue cannot be distributed until *all* the money legacies are paid. Consequently, all legatees of money become the residuary legatees.

The gift under the 10th paragraph to Ellen Dowdall lapsed because of her death prior to that of the decedent. The fact that one of the legatees predeceased the decedent does not affect the question of distribution otherwise than that the result of her death was to cause her legacy to lapse and to fall into the residuary. Her share in the residuary estate under the 11th paragraph of the will is undisposed of and passes to the next of kin of the testatrix. The lapse, by death, of one of the legatees does not disturb the proportions, and of course it does not become distributable among the other legatees. As to that portion of the residuary estate, the testatrix died intestate. (*Hard* v. *Ashley*, 117 N. Y. 606, 616.)

The gift to Frederick W. Clark, who also predeceased the testatrix, was for remuneration for legal services to be rendered. The gift cannot be placed in the lapsed legacy class, nor in the residuary legacy group. It never came into being as a claim.

The legatees of money named in the 1st and 2d paragraphs of the first codicil and in the 9th paragraph of the last codicil will participate in the division of the residue of the estate with those legatees mentioned in the original paper writing, pursuant to the terms of the 11th paragraph of the original will.