In the Matter of the Estate of RICHARD LATHERS, JR., Deceased.

Surrogate's Court, Westchester County, June 12, 1930.

*Edmund L. Mooney*, for the administrator c. t. a.

*Theodore L. Frothingham*, for Agnes Morewood, individually, and as executrix of the will of Anne R. Lathers, deceased.

*Harding Johnson*, for Helen Logan, a legatee.

SLATER, S. The will of Richard Lathers, Sr., gave a power of appointment to the son, Richard Lathers, Jr.

The will of Richard Lathers, Jr., appointed the estate that came to him from his father to his wife, Anne R. Lathers, and others. Agnes Morewood, a legatee of Anne R. Lathers, has filed objections herein.

One question presented is whether the gifts coming from the trust created by Richard Lathers, Sr., for his son should be paid by the trustee to Charles Campbell, as administrator c. t. a. of Richard Lathers, Jr., for distribution, or whether they should be paid direct to the appointees named in Richard Lathers, Jr.'s will.

The funds should be distributed by the trustee directly to the legatees. (*Hirsch* v. *Bucki*, 162 App. Div. 659, 671; *Matter of Eisler*, FOLEY, S., N. Y. L. J. Oct. 19, 1927; *Matter of Ketcham*, O'BRIEN, S., Id. Oct. 28, 1927.)

Another question relates to the payment of interest. From what time does it run and at what rate? Richard Lathers, Sr., died in 1903, leaving a will in which he left one-sixth part of his residuary estate to trustees to pay the income thereof to his son Richard Lathers, Jr., during his life, and on the death of said son, to pay the principal thereof to the persons whom said son should appoint by last will and testament. Richard Lathers, Jr., died December 28, 1925, leaving a will probated in this court on February 11, 1926, in which he exercised the power of appointment of the remainder interest in said trust under his father's will, as follows:

" *Fifth.* Whereas my father, Richard Lathers, deceased, in and by the Fifteenth clause of his Last Will and Testament, devised and bequeathed one equal sixth part or share of his residuary estate to his executors therein named in trust to pay the net income therefrom to me during the term of my natural life, and upon my death to pay said share to the person or persons whom I should designate and appoint by Last Will and Testament, I do hereby designate and appoint the following named persons as those to whom said share of my father's estate shall be paid upon my death, to wit:

" To my sisters Ida Lathers and Julia Lathers, the sum of Fifteen Hundred Dollars ($1,500) each.

" To my nieces and nephews, Agnes Morewood, Helen G. Morewood, Margaret T. Morewood, Alfred P. Morewood and Harry G. Morewood, the sum of One Thousand Dollars ($1,000) each.

" To my friend, Joan M. Anderson, of New York City, the sum of Five Thousand Dollars ($5,000).

" To my namesake, Richard Wammersey of New Rochelle, New York, the sum of One Thousand Dollars ($1,000).

" To my friends, Winthrop Pond of New Rochelle, New York, Richard O'Gorman of New York City, Charles Campbell of St. Albans, Long Island, New York, and Edward J. O'Gorman of Garden City, Long Island, New York the sum of Two Hundred and Fifty Dollars ($250) each.

" To Mrs. Helen Logan of 170 West 78th Street, New York City, the sum of Thirty-five Thousand Dollars ($35,000).

" I give, devise and bequeath all the rest, residue and remainder of the property over which I have power of appointment under the Last Will and Testament of my father, Richard Lathers, deceased, to my beloved wife, Anne R. Lathers."

Anne R. Lathers, widow of Richard Lathers, Jr., died March 30, 1928, leaving a last will and testament admitted to probate in Westchester county May 19, 1928, by which she gave a number of money legacies and the rest, residue and remainder of the estate to her niece, Agnes Morewood, who appears in this proceeding.

The appointees of Richard Lathers, Jr., take as remaindermen of the trust in the same manner that they would have taken had they been expressly named as remaindermen by the will of Richard Lathers, Sr. The legatee takes under the power and the will of the donor jointly. This power is an authority to do an act in relation to personal property, or to the creation of an estate therein, which the owner granting the power might himself lawfully perform. (*West* v. *West*, 215 App. Div. 285, 288.) It was a general power to be exercised by will (Real Prop. Law, §§ 131–134), and when exercised it is construed as done by the donor of the power. (*Matter of Flewwellin*, 122 Misc. 256, 259.) The legacy is not vested, but is contingent until the probate of the will of the appointor. In *Matter of Sprague* (129 Misc. 290, 292), with regard to a trust fund, the court said: " The title passed from the testator to the trustees and passed from them to any appointee by virtue of the testator's will."

It is contended by the appointed legatees, other than the residuary legatee, that they should be awarded interest at the rate of six per cent per annum from the date of Richard Lathers, Jr.'s death. It is contended by the appointed residuary legatee that interest does not begin to run until the probate of the will of the donee of the power, in this case Richard Lathers, Jr., and that interest should be paid only at the rate actually earned by the trust fund during the period between the date of probate and the date of its distribution.

*Matter of Hussey* (67 Misc. 32) is referred to as supporting the contention that a legacy carries interest from the date of the death of the beneficiary of the trust under the will of Richard Lathers, Sr. In that case the interest of the legatees was vested upon the death of the testator, payable upon the death of the life tenant.

The trust in the instant case was one of a number created by the will of Richard Lathers, Sr. The assets of the whole estate were held *in solido* consisting of personal property and parcels of real estate. The income from these assets was distributed proportionately to each of the beneficiaries in the five separate and distinct trusts.

In 1922 there was a fire in one of the real properties resulting in personal injury, for which actions were brought against Richard O'Gorman individually, who was the surviving trustee under the will of Richard Lathers, Sr. The tort case resulted in a verdict (252 N. Y. 551) against Richard O'Gorman individually. It was known to all parties in interest that he would apply to the court for repayment of the tort damage. That question is now before the court in all of the five trust matters. The damage suit brought against him was for over $200,000. Because of such action it was unwise to make distribution of assets to the beneficiaries of the two trusts that had terminated. An account had been filed in this and in the other trusts, and the decrees awaited the determination of the Court of Appeals in the tort action. We are now approaching decree and distribution. Five years have intervened since the death of Richard Lathers, Jr.

The gifts of the general legacies flow from the will of the donor, Richard Lathers, Sr. During the life of the trust, the beneficiary received the earnings therefrom. After the death of the life beneficiary, the estate continued to produce earnings. In the instant case all the appointees take as general legatees. (*Matter of Brooklyn Trust Company*, 179 App. Div. 262.) While the right of ownership was not complete until the will of the appointor was probated, the legatees are entitled to the earnings of the trust fund from the date of the appointor's death.

These conclusions are supported by the opinion of one of my most distinguished predecessors, Surrogate COFFIN, in *Dixon* v. *Storm* (1881, 5 Redf. 419). He held that a legacy became due and payable on the death of the donee of the executed power. (Citing *Wood* v. *Penoyre*, 13 Ves. 326; *Sitwell* v. *Bernard*, 6 id. 539; *Wheeler* v. *Ruthven*, 74 N. Y. 428.) It will be noted that the *Wheeler* case was decided upon special circumstances, as stated in *Matter of White* (129 Misc. 458).

Judge KETCHAM, a learned surrogate of Kings county, followed this reasoning in *Matter of Peoples Trust Company* (1919, 106 Misc. 108).

There was no actual setting apart or allotment of certain special securities or lands for each of the several trusts. There was no separation and division of the estate as it existed at the death of Richard Lathers, Sr. And because of this, all the beneficiaries have shared proportionately to their interest in the earnings of the estate. Probably the convenience of administration dictated the keeping of the estate *in solido*. All the beneficiaries have been interested in the gains and must participate in the losses. (*Monson* v. *N. Y. S. & T. Company*, 140 N. Y. 498.)

The delay of distribution was not occasioned by neglect of the trustee. The estate was in litigation. (*Matter of Brown*, 115 Misc. 710; *Matter of Arnolt*, 127 id. 579, 590; *Matter of Donchian*, 128 id. 51, 56; *Matter of Rowland*, 225 App. Div. [2d Dept.] 118, 128.)

It is my opinion that all the general legatees appointed by Richard Lathers, Jr., are entitled to interest at the rate actually earned on the entire trust estate held for all five trusts from December 28, 1925 (the date of his death), to the date when payment is made.

In the instant case it makes no difference whether a rate of interest is allowed, or all take ratably the earnings upon the trust fund, as the whole estate goes to general legatees.

For the sake of exhausting the subject, even if it be dicta, if the appointed general legatees did not take the whole estate, it is my opinion upon the facts of the instant case that interest at a rate per centum should not be allowed, but a prorating of the earnings should be given.

Submit decision and decree upon the questions presented, with notice to attorneys appearing.