In the Matter of the Judicial Settlement of the Final Account of GUARANTY TRUST COMPANY OF NEW YORK, as Trustee of the Trust Created for the Benefit of HORACE ELIOT WADSWORTH in and by Subdivision (c) of Article Fourth of the Last Will and Testament of FREDERICK E. WADSWORTH, Deceased, and for the Construction of the Said Last Will and Testament as Affected by the Exercise by HORACE ELIOT WADSWORTH of the Testamentary Power of Appointment Therein Given to Him, for the Approval of the Compromise under Section 19 of the Decedent Estate Law and for Instructions and Directions.

Surrogate's Court, Westchester County, June 24, 1935.

*Root, Clark, Buckner & Ballantine* [*Loyal Leale* and *Frank G. Longnecker* of counsel], for the petitioner.

*Harris, Beach, Folger, Bacon & Keating* [*Kenneth B. Keating* of counsel], for Dorothy P. White, general guardian of Mary Elizabeth Wadsworth.

*McCanliss, Coutant & Hinch* [*Russell Coutant* of counsel], for Elizabeth Baker Wadsworth.

*Winthrop, Stimson, Putnam & Roberts*, for the New York Orthopaedic Dispensary and Hospital.

*Victor McLean Day*, special guardian.

SLATER, S. Pursuant to subdivision c of the fourth paragraph of the will of Frederick E. Wadsworth, Horace Eliot Wadsworth, the son, received the right to appoint. Horace Eliot Wadsworth by the seventh paragraph of his will, which was probated in New York county, did appoint sufficient of the funds over which he had the power of appointment " to pay my debts, funeral and administration expenses and the general legacies," in so far as his own individual estate should be insufficient to pay the same, and such deficiency was directed to be paid out of the property over which he had the power of disposition. This was amplified by the eighth paragraph, by which he gave all his property, including all property over which he had the power of testamentary disposition, which remained *after making the payments therefrom* as provided in article seventh of the will. The balance of the fund over which he had the power of appointment passed pursuant to his will into two trusts, one-half to his wife and one-half to his daughter.

As the outcome of litigation in New York county in the matter of his will, the parties entered into an agreement wherein the wife received certain income per annum and the entire balance of income of the appointed property went to his daughter for life, with remainders over.

The question now arises as to who shall receive the appointed property — the executors of, or the trustees under, his will.

The court holds that so much of the appointed property as passed under the seventh paragraph of Horace Eliot Wadsworth's will for debts, funeral and administration expenses and general legacies, which, I am told, represents about $200,000, shall be paid to the executors of his will. The balance of the fund over which the power of appointment resided shall be paid directly to the trustees under the will of the said Horace Eliot Wadsworth. (*Matter of Lathers*, 137 Misc. 222, 223; *Hirsch* v. *Bucki*, 162 App. Div. 659, 671; *Matter of Terwilligar*, 142 Misc. 249, 254; *Matter of Eisler*, FOLEY, S., N. Y. L. J. Oct. 19, 1927, p. 299; *Matter of Ketchum*, O'BRIEN, S., Id. Oct. 28, 1927, p. 462.)

These funds are in the hands of the trustees under the will of Frederick E. Wadsworth. The question will naturally arise as to what should be reserved to effect the payments as hereinbefore directed in article seventh. The trustees under article fifth of the

will of Frederick E. Wadsworth will hold these funds to await the decree of the surrogate of New York county on the final accounting of the estate of Horace Eliot Wadsworth. In so far as any payment out of income is to be made to the widow under the compromise agreement and to the general guardian for the infant daughter, payments may be made on account from time to time pursuant to an order of the surrogate of New York county authorizing such payments.

Question has been raised with regard to the legacies " *heretofore* " given in Frederick E. Wadsworth's will. The court holds that upon the execution of the codicils, the will was republished and included all the legacies given down to the date of the last codicil. (*Matter of Phelps*, 133 Misc. 450.)

This court is without jurisdiction to deal with the compromise effected in New York county with regard to the will of Horace Eliot Wadsworth which was probated in New York county.

Submit decree in accordance herewith.