*301 OPINION.
Kern:
The principal question presented in this proceeding is whether the power of appointment which was received by petitioners’ decedent under the trust created by Isaac Stephenson in 1911 and was exercised by her in her will, was a general power of appointment within the meaning of section 302 (f) of the Eevenue Act of 1926, set out in the margin.[1] This question was considered in the case of J. Earl Morgan, Executor, 36 B. T. A. 588, which involved a similar power of appointment arising under the same trust. Upon the authority of that decision, we hold that the power of appointment exercised by petitioners’ decedent was a general power. The opinion in the case cited did not discuss the effect upon the character of the power of appointment of the “spendthrift” provisions contained in paragraph 15 of the trust instrument executed by Isaac Stephenson in 1917, which are set out above. These provisions do not make the power of appointment special rather than general. By the terms of the trust instrument, they apply only to the portions of the trust property going to any beneficiaries under the trust, which might well be construed as meaning those beneficiaries expressly named therein. However, assuming that these provisions might apply to payments made to persons not expressly named as beneficiaries under the trust, but who were merely those designated by the beneficiaries pursuant to the power of appointment of which they were donees, we are still of the opinion that they do not render special a power of appointment otherwise general, since they are concerned only with the method of payment of income and principal, and do not withdraw or alter in substance the beneficial enjoyment of the income or principal by the person or persons designated pursuant to the power of appointment.
Also, there is nothing in the record to indicate that these “spendthrift” provisions were ever availed of by the trustees with reference to any payments to petitioners’ decedent or her appointee.
Petitioners contend further that, since the Isaac Stephenson trust took effect by trust indenture dated May 12, 1917, before the Eevenue Act of 1926 was enacted, no part of this trust estate should be included in decedent’s gross estate in computing the estate tax thereon. They also contend that, should a part of such trust estate be thus included in decedent’s gross estate pursuant to.section 302 (f) of the *302 Revenue Act of 1926, this section would be contrary to the Fifth Amendment to the Constitution of the United States.
Both of these arguments seem to be predicated on a contention that the person taking property pursuant to the exercise of a power of appointment by a donee of such power takes such property as from the donor of the power rather than from the donee. The only case cited by petitioner which is relevant to this contention is United States v. Field, 255 U. S. 257. That case arose under the Revenue Act of 1916, which did not have any section therein similar to section 302 (f) of the Revenue Act of 1926. The Court, in that case, indicated clearly that if there had been a section in the Revenue Act of 1916 which specifically provided, as section 302 (f) of the Act of 1926 does, that property passing under a general power of appointment exercised by the decedent should be included in decedent’s estate for Federal estate tax purposes, such a tax would be upheld. This inference may be justifiably made by reason of the fact that the Court, in holding in that case that property passing under a general power of appointment exercised by a decedent should not be included in decedent’s estate, gave as one of the reasons for the decision the failure of the Revenue Act of 1916 to specifically provide for such inclusion, whereas the Revenue Act of 1918 did provide for its inclusion. This case and the case of Helvering v. Grinnell, 294 U. S. 153, in which the Court assumed the validity of this section in holding that it did not apply to the facts of the case, would indicate that, where the appointee under a general power of appointment takes property pursuant to the exercise of such power by the donee thereof by will, the value of the property thus taken is includable in the estate of the donee for estate tax purposes, pursuant to the provisions of section 302 (f), regardless of the fact that the power was created by the donor thereof prior to the enactment of this section of the act, since the property was transmitted to the appointee by the donee by the exercise of the power of appointment, and such transmission is subject to the Federal estate tax. Stratton v. United States, 50 Fed. (2d) 48, decided by the Circuit Court of Appeals for the First Circuit some four years prior to the decision of Helvering v. Grinnell, supra, is squarely in point. In that case the court used the following language:
The appellants’ contention that, under the law of Massachusetts, the property passing under the decedent’s exercised powers of appointment was no part of her estate, and therefore, not taxable, while possibly logically sound, is not practically tenable. Compare United States v. Field, 255 U. S. 257, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461. The federal p'ower to tax is not thus limited. The decedent had, to repeat, not only the income during her life, but full power to dispose of it at her death. She actually transmitted the property by exercising the granted powers. Congress might tax such transmission. Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. *303 758. The fact that the decedent’s appointees took, technically, from the donor of her power, is, for present purposes, immaterial. Compare Third Nat. Bank & Trust Co. v. White (D. C.) 45 F. (2d) 911.
See Fidelity Philadelphia, Trust Co. v. McCaughn, 34 Fed. (2d) 600; James C. Webster et al., Executors, 38 B. T. A. 273; Edward J. Haney, Executor, 17 B. T. A. 464; cf. Saltonstall v. Saltonstall, 276 U. S. 260.

Decision will be entered for the respondent.

 Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—
*******
(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after, his death, except in case pf a bona fide sale for an adequate and full consideration in money or money’s worth.