Samuel Faile, S.
In this accounting proceeding the executor has presented for determination certain questions relating to the settlement of the account.
The testatrix died a resident of the County of Westchester on January 23, 1954, and her will was admitted to probate by a decree of this court dated March • 31, 1954. The questions presented for determination relate to (1) the interest payable on general legacies; (2) the enforcement of collection of a promise sory note; (3) the delivery of certain jewelry specifically bequeathed to minors; and (4) the disposition of jewelry not specifically bequeathed.
Pursuant to section 146 of the Decedent Estate Law general legacies are payable upon the expiration of seven months from *637 the issuance of letters. Interest is accordingly payable upon such legacies commencing from the date of expiration of the seven months ’ period. Interest on such legacies will be allowed at the average rate of return yielded by estate assets during the period of administration. (Matter of Lathers, 137 Misc. 222.)
By the express provisions of the will the executor was authorized to retain any jewelry specifically bequeathed to a minor until such minor attained majority or, in the alternative, upon attainment of the age of 18 years, to deliver such jewelry to the mother or surviving parent of such minor with the approval of such mother or surviving parent. The testamentary directions clearly authorize the retention of such jewelry by the executor and avoid the necessity of the appointment of a general guardian or of any present delivery of such jewelry in satisfaction of such bequest.
The jewelry not specifically bequeathed is disposed of as a part of the residuary estate which is given in trust. By section 214 of the Surrogate’s Court Act an executor or administrator is empowered to sell personal property for the payment of debts or for distribution, A trustee is ordinarily under a duty to sell unproductive assets and to reinvest the proceeds in income-producing property. (Matter of Hubbell, 302 N. Y. 246.)
' The question as to the propriety of enforcing payment of the promissory note payable to decedent rests in the sound discretion of the executor. In the absence of unusual circumstances the court will not usurp the function of a fiduciary as to a matter involving only the exercise of business judgment. (City Bank Farmers Trust Co. v. Smith, 263 N. Y. 292; Matter of Lester, 155 Misc. 536.) No unusual circumstances have here been shown which would justify a departure from this rule. The court therefore refuses to furnish any advice or directions to the petitioner with respect to its duty to enforce collection of such note.
Settle decree.