1. WILLS (§ 775*)—LEGACY—LAPSE.
   Where a legatee predeceased the testatrix, leaving neither widow nor children, his legacy lapsed.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1997–2000; Dec. Dig. § 775.*]

2. WILLS (§ 570*)—CONSTRUCTION—BEQUESTS OF CORPORATE STOCK.
   By a will executed in 1908, testatrix bequeathed to her executors 20 shares of Standard Oil stock in trust to pay the income to the use of her brother for life with remainder over to certain named legatees. The will also contained a residuary clause. Before the testatrix's death, the Standard Oil Company was dissolved, and she received a number of shares of the subsidiary companies.   In 1912, shortly before the testatrix's death, she added a codicil to her will by which she gave a number of small legacies.   *Held* that, as the specific legacies and the bequest of the Standard Oil stock practically exhausted testatrix's estate, the will must be taken as speaking, not as of her death, but as of the date of execution, and so the bequest of the Standard Oil stock carried with it the stock of the subsidiary companies, for otherwise the residuary legatee would receive a large portion of the testatrix's estate which it was apparent the testatrix did not intend her to have.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1243; Dec. Dig. § 570.*]

3. WILLS (§ 728*)—RESIDUARY LEGATEES—RIGHTS OF.
   A bequest of corporate stock does not carry with it ordinary dividends declared before the death of the testatrix.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1759–1780; Dec. Dig. § 728.*]

4. WILLS (§ 728*)—RESIDUARY LEGATEES—RIGHTS OF.
   Where a bequest of Standard Oil stock which was made before dissolution carried with it the stocks of subsidiary companies which were distributed upon dissolution of the company, so much of extraordinary stock dividends declared by the subsidiary companies as represented the surplus earned between the date of dissolution and the death of the testatrix are to be treated as income and do not pass under the bequest.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1759–1780; Dec. Dig. § 728.*]

In the matter of the estate of Alice V. Leavitt, and imposition of transfer taxes.   Report of appraiser remitted to him for modification.

Joseph Fennelly, of New York City (Joseph Fennelly and Otto Henschel, both of New York City, of counsel), for executor.

Reynolds, Richards & McCutcheon, of New York City, for residuary legatee.

FOWLER, S.   The transfer tax appraiser has appraised the property of which the decedent died possessed, and as his report shows that the residuary legatee contends that certain property passed to her under the residuary clause of the will, while the other legatees oppose this contention, it becomes the duty of the surrogate to construe the will in

order that the value of the interests of the legatees may be ascertained and a transfer tax imposed thereon.

The decedent died on the 29th of December, 1912. On the 11th of August, 1908, she executed a will, the seventh paragraph of which reads as follows:

"I give and bequeath to my executors hereinafter named the thirty shares of stock of the Standard Oil Company owned by me, in trust, to receive the income thereof and apply $600 per annum to the use of my brother, Alexander Leavitt."

The eighth paragraph of the will provides that upon the death of her brother the "thirty shares of Standard Oil stock aforementioned" shall be sold and the proceeds divided among certain legatees therein mentioned. The will contained a residuary clause by which the testatrix bequeathed all the rest, residue, and remainder of her property to Mrs. Roy Johnston. On the 18th of September, 1912, the decedent executed a codicil to her will by which she gave a number of small legacies amounting in the aggregate to about $1,700, but she did not change or modify the paragraphs above quoted.

[1] Her brother, Alexander Leavitt, predeceased her, without leaving a widow or children. His legacy therefore lapsed, and the legatees to whom was given the remainder after his life estate then became entitled to the 30 shares of Standard Oil Company stock which the testatrix directed her trustee to hold in trust for him.

[2] In December, 1911, the Standard Oil Company of New Jersey, in conformity with a decree of the United States Supreme Court, distributed among its stockholders a number of shares of the stock of its subsidiary companies. As a result of this decree and the distribution made thereunder, the testatrix, as the owner of the 30 shares of Standard Oil Company stock mentioned in her will, received a number of shares of the subsidiary companies, the value of which at the date of decedent's death was about $20,000. These shares in the subsidiary companies, as well as the original 30 shares of Standard Oil Company of New Jersey which she owned at the date of the execution of the will, were retained by the testatrix and were owned by her at the date of her death.

The question now presented to the surrogate for determination is whether the bequest of the 30 shares of stock of the Standard Oil Company carries with it the shares of stock of subsidiary companies awarded upon the distribution made by the Standard Oil Company in December, 1911, or whether the shares of stock of the subsidiary companies go to the residuary legatee under the residuary clause of the will. As a general rule a will speaks as of the date of decedent's death, but this rule is subject to the exception that in the case of specific legacies the will speaks as of the time of its execution. Matter of Delaney, 133 App. Div. 409, 117 N. Y. Supp. 838, affirmed 196 N. Y. 530, 89 N. E. 1098. The testatrix bequeathed "the thirty shares of stock of the Standard Oil Company owned by me." This is a specific bequest, because the testatrix refers to particular property and specifically described its nature and quantity. The bequest therefore was a

specific bequest of the 30 shares of Standard Oil Company stock which the decedent owned at the time she executed the will. The will therefore must be construed, in so far as the question of this particular bequest is concerned, as of the date of the execution of the will. The language used by the testatrix in making the bequest is clear and explicit. If the United States Supreme Court had not decreed that the Standard Oil Company of New Jersey should distribute among its stockholders the assets of the various subsidiary companies controlled by it, there would be no question as to the right of the legatees mentioned in the eighth paragraph of the will to the 30 shares of Standard Oil Company stock specifically bequeathed by the testatrix. The difficulty arises, not because of any ambiguity in the language of the will, but because of circumstances which developed subsequent to the execution of the will, and which were not in the mind of the testatrix at the time she executed her will. It is manifest that her intention at the time she executed the will was to provide an income for her brother during his life and to give the remainder to the educational and charitable corporations mentioned in the eighth paragraph. At the date of the execution of the will, the 30 shares of Standard Oil Company stock, with a small amount of money and some jewelry and personal belongings, constituted her entire estate. The stock then had a market value of about $19,000. At the date of decedent's death the value of these shares, excluding the distribution of subsidiaries, was about $12,500.

If it should be held that the legatees mentioned in the eighth paragraph of decedent's will are not entitled to the shares of the subsidiary companies, but are only entitled to the 30 shares of Standard Oil Company stock held by the decedent at the date of her death, it would result in the value of their legacy being diminished by about $6,500 between the date of the execution of the will and the date of decedent's death, although the decedent had done nothing to cause the diminution or had said nothing which would indicate an intention on her part that the legacy at its reduced value was that which she intended to give to the legatees. This diminution in value resulted, not from any act of the testatrix herself, but from the decree of the United States Supreme Court. As the decedent evidently intended to give to the legatees mentioned in the eighth paragraph of her will the 30 shares of Standard Oil Company stock which at the date of the execution of the will had a market value of $19,000, she must have intended that the bequest should carry with it any ordinary accretion in value resulting from an increase in the value of the assets of the company or other favorable developments. Her brother appears to be the only blood relation for whom she was desirous of providing, and she left substantially all her estate in trust for his benefit. When she had bequeathed the small amount of money which she possessed, and had given her jewelry to Mrs. Johnston, the residuary legatee, she had disposed of all the property which she then owned. There was practically nothing to pass under the residuary clause. There is nothing in the will, therefore, to indicate that she intended to give any substantial legacy to the residu-

ary legatee. . But if it were that the residuary legatee is entitled to the shares of stock of the subsidiary companies, she would receive a legacy of about $20,000, or nearly two-thirds of the entire estate. This, it seems to me, would be contrary to the manifest intention of the testatrix.

Subsequently to the execution of her will the testatrix purchased stocks which, on the 18th day of September, 1912, had a market value of about $1,700. On that day she executed a codicil to her will by which she gave a number of small legacies amounting to about $1,700. This would indicate an intention on her part to effectually dispose of all her property. If the testatrix believed that the shares of stock awarded to her by virtue of the distribution made by the Standard Oil Company in December, 1911, would not pass to the legatee mentioned in the eighth paragraph of her will, it is reasonable to infer that she would have disposed of them in her codicil as she disposed of the stocks purchased by her subsequently to the execution of the will. It would seem therefore that it was the intention of the testatrix that the 30 shares of stock owned by her at the time she executed the will, with whatever increase in value which might result from prosperous business conditions, distribution of assets, or other unforeseen developments, should go to the legatees mentioned in the seventh and eighth paragraphs of her will. The 30 shares of stock owned by the decedent at the time she executed her will were potentially of the value of the 30 shares which she owned at the time of her death, plus the value of the shares received on account of the distribution made by the Standard Oil Company in December, 1911. If the distribution had not been made until after the date of decedent's death, there would be no question of the right of the legatees mentioned in paragraph 8 to all the benefits of such a distribution. The fact that the distribution was made prior to the date of decedent's death should not operate to the detriment of the legatees to which the testatrix intended to give the bulk of her estate, when such modification of the substance of the bequest was effected by some power beyond her control. Part of the value which the 30 shares of Standard Oil Company stock had at the date of the execution of the will was based upon the interest which that company had in the assets of its subsidiaries. It was such assets which in December, 1911, were distributed in the form of shares of stock among the holders of the original shares. The shares of the subsidiary companies were of the essence of the original shares; they were part of them. They should therefore go to the legatees to whom the original 30 shares were bequeathed. I will therefore hold that the bequest of the 30 shares of Standard Oil Company stock in the seventh paragraph of decedent's will is a specific bequest, and that it carried to the legatees any inherent increase in the value of the shares, and therefore the increase in value represented by the shares of stock in subsidiary companies to which the said 30 shares became entitled upon the distribution made by the Standard Oil Company of New Jersey in December, 1911.

I have been unable to find any reported cases in this state in which the question here presented has been decided; but there are some re-

cent English cases where the reasoning of the decisions seems to be in accord with the conclusion which I have reached independently. Clifford In re; Mallan v. McFie, 81 L. J. Ch. 20; 106 L. T., 14; Leaming In re; Turner v. Leeming, 81 L. J. Ch. 453; 106 L. T. 793.

[**3, 4**] The testatrix was entitled to the ordinary dividends declared prior to her death on the 30 shares of Standard Oil Company stock as well as on the shares of the subsidiary companies. The Standard Oil Company of Indiana, which was a subsidiary company, declared an extraordinary dividend on May 15, 1912, by which a certain number of shares were allotted to the holdings of the testatrix in that company. So much of these shares as represented surplus accumulated between December, 1911, and the date of the extraordinary dividend is income, and goes to the residuary legatees. Matter of Osborne, 209 N. Y. 450, 103 N. E. 723, 823. The same applies to the extraordinary dividend declared by the Standard Oil Company of Nebraska.

As the appraiser has not made this apportionment, his report will be remitted to him for that purpose, and for such further modification as may be necessitated by this decision. Settle order on notice.