FOWLER, S.   The question which arises upon the settlement of the decree presented by the administratrix is whether creditors who did not present their claims for admission or rejection, but who assigned them to another person before the account of the administratrix was filed, should be cited to attend the settlement of the account.   Section 2730, C. C. P., provides that upon the judicial settlement of the account of an executor or administrator all creditors or persons claiming to be creditors of the decedent, except such as by vouchers filed with the account appear to have been paid, must be cited.   Subdivision 3 of section 2768, C. C. P., defines "creditor" as including every person having a claim or demand upon which a judgment for a sum of money could be recovered in an action.   A person who has assigned his claim against a decedent cannot after such assignment recover judgment upon the claim, as an action upon such claim could only be brought in the name of the real party in interest, namely, the assignee.   Section 449, C. C. P.

Therefore the assignor of such a claim is not a creditor of the estate and need not be cited to attend the judicial settlement of the account of the legal representative of the decedent.   Costs taxed and decree signed.

---

### In re ADAMS' ESTATE.

(Surrogate's Court, New York County.   April 10, 1915.)

WILLS &#8674;754—CONSTRUCTION—SPECIFIC BEQUEST—SHARES OF STOCK.

   Where testatrix, by will executed when she owned 166 shares of mining stock and 33 shares of stock in a cattle company, devised it in trust to two legatees, the shares of the cattle company were afterwards exchanged for shares of the mining company, and the mining company in the lifetime of testatrix declared stock dividends, distributing an accumulated surplus, so that testatrix received 472 shares in dividends at her death owned 654 shares of the mining stock, there was a specific bequest of the 166 shares as of the time the will was executed, and the legatees were entitled to all the shares held by testatrix at her death.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1945, 1946; Dec. Dig. &#8674;754.]

.In the matter of the estate of Margaret M. Adams.   Petition by executors filing their account for the construction of a clause of the will. Will construed, and decree to be submitted.

William R. Brinckerhoff, of New York City, for petitioners.

Steele & Otis, of New York City (Harold Otis, of New York City, of counsel), for Rosalie Fanshawe and Margaret M. Clarke.

Frank B. Washburn, of New York City, special guardian.

FOWLER, S.   The executors of decedent's estate have filed their account, and they ask the court to construe a certain clause of the will so that proper distribution of the estate may be made among the legatees.

After appointing her son to succeed her as trustee of a trust fund created by the will of her mother for the benefit of Rosalie Fanshawe

and Margaret McGregor Clarke, and directing that he pay the income to them in equal shares, the testatrix provided:

"To this I wish added my one hundred and sixty-six shares of 'St. Jo. Lead Mining Company' and thirty-three shares of 'Cattle Co.' to make up to them the money their father borrowed from their grandmother which they would have had, and to keep my promise to their grandmother that they should not lose anything."

The will was executed on November 26, 1900. At that time the testatrix was the owner of 166 shares of stock of the St. Joseph Lead Mining Company and 33 shares of stock of the Bonne Terre Farming & Cattle Company. Subsequently there was a reorganization of these companies, and the testatrix received 16 shares of stock of the St. Joseph Lead Mining Company in exchange for her 33 shares of stock in the Bonne Terre Farming & Cattle Company. After the execution of the will, and prior to the date of decedent's death, the St. Joseph Lead Mining Company declared stock dividends so as to provide for the distribution among its stockholders of the surplus which had been accumulated by the company. The testatrix, because of her ownership of the original 166 shares of stock, received 472 shares in stock dividends, so that at the time of her death in 1913 she owned 654 shares of stock of the St. Joseph Lead Mining Company.

The question propounded by the executors on this accounting is whether the 654 shares of stock of the St. Joseph Lead Mining Company owned by the testatrix at the time of her death pass under the clause of the will above quoted, or whether that clause disposes of only 166 shares, and that the remaining 472 shares go to the legatees mentioned in the residuary clause of the will.

The bequest of "my one hundred and sixty-six shares of St. Jo. Lead Mining Company" is a specific bequest, because the testatrix refers to particular property and describes its nature and quantity. Walton v. Walton, 7 Johns. Ch. 258, 11 Am. Dec. 456; Crawford v. McCarthy, 159 N. Y. 519, 54 N. E. 277. In the case of specific legacies the will speaks as of the date of its execution. Matter of Delaney, 133 App. Div. 409, 117 N. Y. Supp. 838, affirmed, 196 N. Y. 530, 89 N. E. 1098. The bequest of the 166 shares of the St. Joseph Lead Mining Company stock being a specific bequest, the will must be construed in its relation to that bequest as of the date of its execution. It was evidently her intention to give to the persons mentioned in the clause above quoted the shares of stock which she owned in the St. Joseph Lead Mining Company at the time of the execution of the will, and that that legacy was intended as compensation for the money which their father had borrowed from their grandmother, and which would have been bequeathed by their grandmother to them, if it had not been so borrowed.

At the time the will was executed the St. Joseph Lead Mining Company had accumulated a large surplus. This surplus was reflected in the market value of the stock, and it constituted a substantial part of its intrinsic value. Subsequently, when this surplus was distributed to the stockholders in the form of stock dividends, the intrinsic value of the original shares of stock was diminished, but the value of the additional shares received as a stock dividend, when added to the value of

the original shares, would make a total closely approximating the value of the original shares before the declaration of the dividends. The declaration of a stock dividend did not add anything to the intrinsic value of the stock of the company upon which the dividend was declared. It was merely a distribution of accumulated surplus, and the advantage to the stockholders consisted principally in the fact that the increased number of shares of stock would necessitate the annual distribution of surplus in the form of dividends instead of the accumulation of such surplus by the company. The 166 shares held by the testatrix at the time she executed the will had, because of the surplus accumulated at that time, a potential value equal to the actual value of the 638 shares owned by her at the time of her death. None of these 638 shares was purchased by her after the execution of her will. They all resulted from the distribution of the surplus accumulated by the company, and were derived from the original ownership of the 166 shares.

The decision in Brundage v. Brundage, 60 N. Y. 544, is distinguishable from the matter under consideration in the important particular that the bequest considered by the court in the Brundage Case was a general bequest and not a specific one. I have had occasion to consider a similar question in the Matter of Leavitt, 86 Misc. Rep. 609, 148 N. Y. Supp. 758, and am inclined to think that the reasons given for the conclusion at which I arrived in that matter apply with equal force and relevancy to the matter now under consideration.

I will therefore hold that the bequest of 166 shares of the "St. Jo. Lead Mining Company" stock and 33 shares of the "Cattle Company" was a specific bequest, and that the legatees to whom that bequest was made are entitled to the 654 shares of St. Joseph Lead Mining Company stock held by the decedent at the time of her death.

Submit decree in accordance with this decision.