In the Matter of the Accounting of ELIZABETH M. O'CONNELL, as Executrix of KATHERINE E. CUMMINGS, Deceased.

Surrogate's Court, Kings County, September 11, 1951.

*John A. Hayes, Jr.,* for executrix, petitioner.

*Oscar Hertz,* special guardian.

RUBENSTEIN, S.  Testatrix bequeathed to a niece $400 and five items of corporate stock, the exact number of which were possessed by her both at the execution of the will and at death. After the will was executed one of the corporations reduced the par value of its stock from $100 to $50 and issued two new shares in exchange for one of the old; the split-up of the stock being one of form and not substance.  The testatrix surrendered to the corporation five shares of its old stock and received in exchange ten shares of the new.  The niece claims the additional five shares, contending that the bequest of the stock to her was a specific legacy and that the testatrix intended to give her the shares which were in her possession at the time of the execution of the will.

After according preference to the niece's legacy under paragraph Second of the will, testatrix directed, under paragraph Third, that the residuary estate " be sold and converted into cash " and then bequeathed money legacies to seventeen legatees.  It is evident from the direction to sell and convert that the testatrix intended to bequeath to the niece the specific shares of stock which she then owned (*Matter of Davis,* 184 Misc. 952; *Matter of Dreyfus,* 192 Misc. 509) and that the niece is, there-

fore, entitled to the five additional shares of stock (*Matter of Hicks,* 272 App. Div. 594, affd. 297 N. Y. 924; *Matter of Martin,* 252 N. Y. 582). The legacies under paragraph Third of the will are general legacies and there being no assets to pay them must abate.

Proceed accordingly.