Maximilian Moss, S.
Testatrix’ will was duly admitted to probate in this court on October 11, 1955. Petitioner, who is one of three executors under said will, seeks an order giving-directions respecting custody of the books and records of the estate and the disposition of various items of specifically bequeathed personal property to certain legatees named in the will. Among the items of personal property thus bequeathed there are household furniture, a television set, wearing apparel, furs, jewelry, silverware and other items mentioned in paragraphs ‘‘ Third ”, “ Fourth ’’ and ‘‘ Fifth ’’ of the will. The household furniture, television set and some of the other items specifically bequeathed are located in the apartment formerly occupied by the testatrix with respondent and in which respondent continues to reside. The jewelry is in a safe-deposit box and some of the furs are in a furrier’s cold storage vault.
Petitioner has been joined by one of the coexecutors in requesting that said specifically bequeathed property be delivered to the legatees thereof. Petitioner alleges that the assets of the estate which are presently in the possession of all the executors are amply sufficient to discharge all estate taxes, administration expenses and known debts or obligations of the testatrix for which the estate may become liable and that the estate is solvent in all respects.
Respondent has refused to consent to the delivery of said property to the legatees. He alleges that since there has been no publication of notice to creditors and none of the legatees are in actual need, there is no compelling necessity requiring distribution of said legacies prior to termination of the accounting period.
Title to specifically bequeathed property vests in legatees upon death of a testatrix (Matter of Columbia Trust Co., 186 App. Div. 377; Matter of Delaney, 133 App. Div. 409, affd. 196 *544 N. Y. 530). Bequests of specific articles of property may be delivered to the legatees at any time in the discretion of the executor of an estate (Surrogate’s Ct. Act, § 218). Moreover, any person entitled to a specific bequest under a will may present a claim for payment thereof to the court where three months have elapsed since the probate of the will (Surrogate’s Ct. Act, § 217). There is no question in the instant case that the articles of property are specific bequests (Crawford v. McCarthy, 159 N. Y. 514-519).
Except for the articles of jewelry, the remaining articles specifically bequeathed. by testatrix to her son and daughters such as household furniture, television, wearing apparel and furs are subject to the vicissitudes of time. They may depreciate in value and cause a material lessening of the benefit which the testatrix intended to confer upon the legatees thereof. The respondent cannot assume to be the sole arbiter as to when an act shall or shall not be performed by the coexecutors. In the absence of an express direction in the will for mutual consent of coexecutors respecting the administration of an estate the law will not imply such a requirement. Ordinarily where there are coexecutors they are regarded as one person and any one of them may act alone in regard to the personal estate of decedent (Barry v. Lambert, 98 N. Y. 300, 308; Geyer v. Snyder, 140 N. Y. 394, 399).
In the absence of satisfactory proof that the specifically bequeathed property is necessary to pay estate taxes, administration expenses or claims of creditors, the refusal of respondent to join with the coexecutors to deliver said articles to the legatees is unreasonable, arbitrary and capricious. It is not necessary for the legatees thereof to prove that they have a compelling necessity or an immediate need for the property so specifically bequeathed to them.
The court will direct respondent to join with his coexecutors in effecting delivery to the legatees of the items of personal property, except the jewelry, specifically bequeathed by testatrix under paragraphs “Third” to “Fifth” of the will. Since there is no proof before the court as to the value of the specific items of jewelry, distribution thereof shall await the accounting to be had in this estate or be the subject of further application to the court.
Respondent will further be directed to deliver all the books and records of the testatrix to the petitioner who may keep them for all proper purposes including but not limited to the auditing and making of copies thereof, for a period of three months. Settle order on notice.