Joseph A. Cox, S.
The testator executed his will in 1931 and at that time anticipated the fact that, upon the death of his sister-in-law Maria del Pino Egan and the consequent termination of testamentary trusts for her benefit in the estates of certain members of her family, remainder interests in such trusts would come into his estate and be subject to his disposal. The testator *1036 disposed of these assets by the fourth article of his will which contains an introductory paragraph identifying the property and a disposition thereof in the words “ I give, devise and bequeath as follows ”. There follow 11 subdivisions lettered (a) to (k).
Subdivision (a) of the fourth article bequeathed $25,000 to the testator’s brother George Hedden followed by a substitutional gift expressed in the following language: ‘ ‘ should he predecease said Maria del Pino Egan or me, then and in such event, I give and bequeath said sum of Twenty-five Thousand ($25,000.) Dollars to his daughters, Martha Washington Hedden and Laura Pearse Hedden, equally, share and share alike, or to their survivor George Hedden survived the testator and died in 1937. His daughters Laura Pearse Hedden and Martha Washington Hedden died in 1941 and 1947 respectively. Maria del Pino Egan, the life beneficiary of the trust funds, died in 1949. It is conceded that the bequest to the testator’s brother was conditioned upon his survival of the trust beneficiary and that his estate has no claim to the legacy. The opposing contentions are that the legacy is payable to the estates of the testator’s two nieces and that the legacy lapsed.
This legacy is indistinguishable from a legacy payable from a trust remainder and the rules of interpretations applicable to the latter type of legacy are controlling here. Ordinarily it is said that a gift of a remainder interest dependent upon survivorship refers to survival of the testator and not survival of the life tenant of the trust. (Matter of Montgomery, 258 App. Div. 64, affd. 282 N. Y. 713; Matter of Bump, 234 N. Y. 60.) While the rule of early vesting should readily yield to a contrary intention, there is nothing in this will that would convey such a contrary thought. At first reading the will might give some indication of the testator’s purpose to confine his bequests to living persons capable of enjoying the bequests in their lifetimes. Certainly that thought was in the testator’s mind when he imposed the requirement that his brother survive the life tenant and, had the testator been so inclined, he could have imposed a like requirement, in identical or equivalent words, with respect to the gift to his nieces. The conclusion that such was not his intention is fortified by examination of the residuary clause of the will (article fifth) where the testator bequeathed a share of the residuary to the same brother and provided that if he predeceased the testator the share be paid “to his issue him surviving” (emphasis added).
It also is to be noted that the legacy to the nieces of the testator are given in words of present gift not only in the introductory paragraph of the fourth article but again in the particular *1037 "bequest to the nieces where the testator repeated the words ‘ ‘ I give and bequeath ’ ’. These words of present gift do not convey any thought that the testator intended vesting in his nieces to be postponed until the termination of the trust. (Matter of Seaman, 147 N. Y. 69; Connelly v. O’Brien, 166 N. Y. 406; Matter of Weaver, 253 App. Div. 24.)
The words “ after the death of my wife’s sister ” which open the fourth article of the will are of a type that often appears in dispositions of trust remainders and the decisions have been consistent in holding that phrases of this character are to be construed as referring to the time of possession and enjoyment of the remainder gift and not to the time of the vesting of the gift. (Warner v. Durant, 76 N. Y. 133; Fulton Trust Co. v. Phillips, 218 N. Y. 573; Matter of Banker, 223 App. Div. 496, affd. 248 N. Y. 596.) It is concluded that the legacy granted by subdivision (a) vested in the nieces of the testator.
The bequest in subdivision (b) of the fourth article is a gift to another brother of the testator and is couched in language identical to that appearing in subdivision (a). The conclusion reached as to the construction of subdivision (a) is applicable to .'subdivision (b).
Subdivision (g) of the fourth article provided a legacy to a cousin of the testator and subdivision (h) of that article bequeathed the sum of $5,000 to each of several cousins of the testator’s wife. The legatee named in subdivision (g) and one of the legatees named in subdivision (h) survived the testator but predeceased Maria del Pino Egan and it is contended that by reason of the failure of these legatees to survive the trust term their legacies lapsed. The court finds nothing in the will to substantiate this contention. The legatees are two named individuals who survived the testator. The testator attached no condition to either legacy and provided no substitutional gift. The legacies vested in the legatees upon the testator’s death. It is to be noted in this connection that the testator in so failing to attach any condition of survivorship to these legacies vested them in one case in a person remotely related to him and in another instance in a person not related by blood to him. The purpose so expressed would seem to be additional basis for the prior conclusion that the testator did not intend to postpone the legacies to his nieces until the death of the trust beneficiary and by so doing give treatment to his nieces less favorable than that given to others.
Reverting back to subdivision (c) of the fourth article it is seen that the testator created a trust for the benefit of his sister with the remainder payable on her death to a church. It is sug *1038 gested that, because an abatement of general legacies is required, the usual rule that the taking effect of a preliminary life estate is not a necessary condition to the validity of a remainder gift (Matter of Fordham, 235 N. Y. 384; Matter of Lawrence, 238 N. Y. 116; United States Trust Co. v. Hogencamp, 191 N. Y. 281) is not controlling. Such suggestion must be rejected for the reason that the trust remainderman is in no different position from other general legatees. (Matter of Reynolds, 242 N. Y. 389; Matter of Shevlin, 143 Misc. 213, affd. 242 App. Div. 636, affd. 278 N. Y. 548.) The trust remainder is not a residuary gift and the rule of Matter of Title Guar. & Trust Co. (195 N. Y. 339) is not applicable to it.
The second bequest in subdivision (i) is payable to St. Luke’s Hospital as the parent corporation of the unincorporated association named in the will. (Kernochan v. Farmers’ Loan & Trust Co., 187 App. Div. 668, affd. 227 N. Y. 658.)
Submit decree on notice construing the will and settling the account.