Maximilian- Moss, S.
This proceeding instituted by the executors and trustees is for the construction of paragraphs “ Second ”, “ Third ” and “ Fifth ” of testator’s will. Testator died December 11, 1957 leaving a will dated August 5, 1952. By paragraph “ Second ” of his will testator devised to Gertrude Berlin the real property therein described, and by paragraph “ Fifth ” devised and bequeathed to her one third of his estate. Petitioners allege that they are not certain as to the precise meaning of said provisions and for that reason are unable to set up a trust created for the benefit of testator’s widow with remainder to his son under paragraph ‘ ‘ Sixth ’ ’ of the will. The primary controversy is whether the gift to Gertrude Berlin by paragraph “ Fifth ” is in addition to the devise and bequest given to her under paragraphs “Second” and “Third” of testator’s will, and whether they are specific or general gifts.
The court holds that the language of the provisions in question clearly manifests testator’s intention to give to Gertrude Berlin “absolutely and forever” his real property described in paragraph “Second”, his household furniture under paragraph ‘ ‘ Third ’ ’ and in addition, a third interest in his residuary estate under paragraph “ Fifth ”,
*1051 The devise of testator’s described real property under paragraph “ Second ” and bequest of his household furniture under paragraph “ Third ” to Gertrude Berlin are specific (Crawford v. McCarthy, 159 N. Y. 514, 519; Matter of Chertow, 109 N. Y. S. 2d 567, 570). Title thereto passed to her and she became entitled to the possession, rents and income therefrom beginning from the date of testator’s death (Matter of Schwartz, 2 Misc 2d 542; Matter of Englese, 140 N. Y. S. 2d 637, 639). The gifts to her under paragraph “ Fifth ” are general, subject to the payment of debts, funeral and administration expenses (see 6 Jessup-Redfield, Surrogate’s Law and Practice, § 4737).
Settle decree on notice.