Francis V. V. Leary, S.
This is an application for construction of paragraph Fifteenth of the last will and testament of Delphia Culver Kent, deceased, dated May 4, 1955, and which was admitted to probate in the Surrogate’s Court of Broome County on September 28, 1955.
The office of the court in any proceeding for testamentary construction is twofold, as was pointed out in Matter of Costello (147 Misc. 629). It is a trite truism that the primary object in the construction of a will is to ascertain the intention of testator, and when this has been determined the court must adjudicate the legal effect and consequences of the directions as there interpreted. The testator, not the court, must make a disposition of his property. All the latter can do is, so far as legal rules permit, to effectuate the disposition which the testator has directed. It cannot make a new and valid will for him if he has failed in this respect, nor can it exercise its own judgment as to the justness or fairness of the provisions of the instrument. (Herzog v. Title Guar. & Trust Co., 177 N. Y. 86, 92; Central Trust Co. v. Egleston, 185 N. Y. 23, 33; Weeks v. Cornwell, 104 N. Y. 325; Tilden v. Green, 130 N. Y. 29; Riker v. Gwynne, 201 N. Y. 143.)
In the performance of the office of adjudicating the legality of testator’s directions for the disposal of his property, precedents are of the utmost importance. On the primary question of what disposition the testator actually intended, in other words, in the judicial act of the interpretation of the meaning of the phraseology used in the testamentary instrument, the citation of authorities is of very little use. No two wills are similarly phrased in all particulars, and since every word employed is potentially important as shedding possible light upon what the testator actually had in mind at the time of the execution of the document, it is fundamentally inconceivable that a decision respecting intent, as disclosed in one instrument could have any proximate bearing on the purpose envisaged in another.
Another frequently encountered stumbling block in this connection is concealed in the phrase “ the intention of the tes *926 tator.” This does not refer to what he might have desired to accomplish in the light of the eventualities which have transpired since the execution of the will. The only intent relevant or important is as to the disposition of his property, which the testator had in mind at the precise moment of his signature of the will which is the subject matter of the construction.
It was pointed out by the Court of Appeals (Matter of Bump, 234 N. Y. 60, 63) that little light is cast on the correct interpretation of the language in one will by decisions construing another. (Matter of Quinby, 134 Misc. 296.) In each case resort must, in the final analysis, be had to the familiar primary principles that the aim of the court is to determine the intention of the testator (Matter of Hughes, 225 App. Div. 29; Matter of Phelps, 133 Misc. 450; Matter of Purdy, 133 Misc. 217) and if such intention can be discovered it is paramount (Matter of Buttner, 243 N. Y. 1; Matter of Farkouh, 134 Misc. 285; Matter of Smathers, 133 Misc. 812; Matter of Manning, 133 Misc. 695) and will not he affected by any rule of construction (Matter of Rooker, 248 N. Y. 361); that in determining such intention courts are limited to the words which testator has himself used in the will (Matter of Durand, 250 N. Y. 45; Matter of Dinkel, 133 Misc. 868); but if there is any ambiguity, that construction should be adopted which will best carry testator’s intention into effect. (Matter of Buechner, 226 N. Y. 440; Nicholas v. Farmers’ Loan & Trust Co., 224 App. Div. 540; Matter of Kavanagh, 133 Misc. 399; Matter of Quinby, supra.)
At a hearing held in this proceeding on April 3, 1959, an agreed statement of admitted facts was submitted and received in evidence herein. Paragraph “ 5 ” of said agreed statement of admitted facts states that said Delphia Culver Kent, deceased, owned 296% shares of common stock of the Endicott Forging & Mfg. Co., Inc. at the time of her death. Paragraph “ 6 ” of said agreed statement of admitted facts states that Delphia Culver Kent, deceased, owned 296% shares of the common stock of the Endicott Forging & Mfg. Co., Inc. at the time of the execution of her will. Paragraph “ 9 ” of said agreed statement of admitted facts states that said 296% shares of the common stock of Endicottt Forging & Mfg. Co., Inc. owned by Delphia Culver Kent at the time of her death were bequeathed to her under paragraph fifth of the will of her husband, George A. Kent, Jr., deceased.
Paragraph “ 10 ” of said agreed statement of admitted facts states that said 296% shares of stock represented a one-fifth interest in the holdings of George A. Kent which had passed to his son, George A. Kent, Jr.
*927 Paragraph “ 11 ” of said agreed statement of admitted facts ' states that Delphia Culver Kent, deceased, and George A. Kent, Jr., deceased, had no issue of their marriage.
Paragraph “ 18 ” of said agreed statement of admitted facts states that the optionees specifically named by said paragraph Fifteenth of the last will and testament of said Delphia Culver Kent, deceased, are all members of the Kent family, being descendants or wives of Orlow A. Kent, Harry F. Kent, Arthur L. Kent and William E. Kent, sons of George A. Kent, with the exception of Thelma C. Kent, who is the former wife of Richard G. Kent, one of the sons of William E. Kent, and the mother of Richard Peter Kent, son of Richard G. Kent and Thelma C. Kent, and one of the beneficiaries named in paragraph Eighth of said last will and testament.
Paragraph “ 22 ” of said agreed statement of admitted facts states that the common stock of the Endicott Forging & Mfg. Co., Inc., was split 10 shares for 1, subsequent to the execution of the last will and testament of said Delphia Culver Kent, deceased, dated May 4, 1955, and subsequent to her death on June 4, 1955.
Paragraph “ 27 ” of said agreed statement of admitted facts states that the total number of shares of common stock of said Endicott Forging & Mfg. Co., Inc., held by the estate of Delphia Culver Kent, deceased, subsequent to said stock split was 2,640 shares, exclusive of the 32 unsplit shares which had been transferred pursuant to the provisions of paragraph “eighth” of the last will and testament of said Delphia Culver Kent, deceased, prior to said stock split.
Paragraph eighth of the will at bar provides as follows:
“eighth. I give and bequeath to the following persons each two (2) shares of stock of Endicott Forging & Mfg. Co., Inc:
Michael Kent, son of Orlow A. Kent, Jr.,
Peter Sewell Kent, son of Orlow A. Kent, Jr.,
Nancy Kent, daughter of Orlow A. Kent, Jr.,
Eleanor Kent Waggett, daughter of H. Gordon Kent,
Barbara Kent Hench, daughter of H. Gordon Kent,
Suzanne Elizabeth Kent, daughter of H. Gordon Kent,
Carol Kent Works, daughter of William E. Kent, Jr.,
Kent Moore, son of Natalie Kent Moore,
Robinson Moore, son of Natalie Kent Moore,
Donald J. Kent, son of William E. Kent, Jr.,
Kent Gardner, son of Marion Kent Gardner,
William Killen Kent, son of William E. Kent, Jr.,
Carl William Barth, son of Gertrude Kent Barth,
*928 Bichard Peter Kent, son of Maj. Bichard Gr. Kent and Thelma C. Kent,
Michele Martel Kent, daughter of Maj. Bichard Gr. Kent and Henrietta Martel Kent,
Bichard Bobert Kent, son of Maj. Bichard Gr. Kent and Henrietta Martel Kent.”
The 16 named legatees in said paragraph eighth of said will are all children of Orlow A. Kent, Jr., H. Gordon Kent, William E. Kent, Jr., Natalie Kent Moore, William E. Kent, Marion Kent Gardner, Gertrude Kent Barth and Bichard G. Kent. These persons are all descendants of said George A. Kent, deceased.
With this background of facts, paragraph fifteenth of the instant will must next be examined.
Fifteenth. I direct my Executor, hereinafter named, or his successor, if any, to sell the shares of stock of Endieott Forging & Mfg. Co., Inc. which I may own at the time of my death, other than those hereinbefore specifically bequeathed, no longer than five years after my death. I further direct my said Executor, or his successor, if any, to first offer to each of the following individuals:
Louise Harris Kent, 590 Chenango Street, Binghamton, New York
Helen Jane Kent, 590 Chenango Street, Binghamton, New York
Marion Kent Gardner, 108 Park Avenue, Bronxville 8, New York
H. Gordon Kent, 45 Lathrop Avenue, Binghamton, New York
Natalie Kent Moore, 339 Mt. Curve Blvd., St. Paul, Minnesota
Beatrice Kent Austin, 733 Garden Road, Elmira, New York
Gertrude Kent Barth, 1188 Highland Avenue, Abington, Pennsylvania
William E. Kent, 12937 Stuhelin Street, Detroit 23, Michigan
Maj. Richard G. Kent, 22 Brookville Road, Nixon Park, New Jersey
Harold Paul Kent, W.I.N.K. Fort Myers, Florida
John W. Kent, son of William E. Kent,
Mrs. Virginia Kent, Box 60, Partridge Hill, Woolwich, Maine
Orlow A. Kent, Jr., 127 N. Oneida Street, Rheinlander, Wisconsin
Donald J. Kent, 606 N. Sixth Street, McAllen, Texas
Diane Kent, 6055 Drexel Road, Philadelphia 31, Pennsylvania
Patricia Kent Ntgren, 3042 Boone Avenue, Minneapolis, Minnesota
Mrs. Thelma C. Kent, 19 W. Avenue, Hamburg, New York
Robert Kent, son of William E. Kent,
the first right and option to purchase from my estate, at the time of said sale, fourteen (14) shares each of said stock, subject to the following terms and conditions:
The purchase price to be paid by said individuals for said stock shall be the value per share in the final Federal Estate Tax Return audit in the Estate of Orlow A. Kent, or if the audit of the final Federal Estate Tax Return filed in my estate shall have been completed by the time of said sale, the value of said stock per share shall be determined by said final audit in my estate. My Executor, or his successor, if any, in his sole and absolute discretion, shall, for the purposes of this paragraph, determine when to sell said stock, within said five year period, and shall there *929 upon send notices in writing by mail to such of the above described individuals listed in this paragraph as may be then alive, addressed to their last known mailing addresses, of their right to exercise such option. My Executor, or his successor, if any, shall also send to each of said individuals a form of acceptance of said option, to be signed by any of said individuals so exercising his or her option and to be returned to the Executor by registered mail,'no later than thirty (30) days from the date of said notice to them from said Executor, or his successor, if any; upon the failure of any of said individuals to exercise the option herein conferred to purchase the securities so offered to him or her within said thirty-day period, my Executor, or his successor, if any, may proceed to sell on the open market the fourteen (14) shares so offered; no modification may be made by any of such individuals of the form of acceptance as prepared by the Executor, or his successor, if any. Payment for said purchase of said stock by any of such individuals under this option shall be in cash and no credit shall be extended. The option, if exercised, must be for the entire fourteen (14) shares as to each individual who exercises his or her option. If any of the individuals mentioned in this paragraph predeceases me, or dies prior to his or her written exercise of the option, the option, as to such deceased person, shall fail. The failure of any one or more persons to exercise the option herein conferred by reason of his or her death, or for any other reason, shall not enlarge the rights of any other individual mentioned in this paragraph to purchase more than fourteen (14) shares of said stock under his or her option. This option is personal to each of the individuals listed in this paragraph, and cannot be assigned, alienated, pledged or disposed of by such individual in any manner, testamentary or otherwise. None of the incidents of ownership in said stock, such as stock split-ups, stock dividends or cash dividends, or voting rights shall pass to an individual listed in this paragraph who exercises his or her option unless and until title to the said fourteen (14) shares shall actually pass to such individual by reason of the exercise of the option by him or her and the delivery of the fourteen (14) shares to him or her. The proceeds from the sale of any stock by the exercise of the option by any of said individuals shall become part of my residuary estate set forth in Paragraph ‘ Sixteenth ’ hereof.
The right and option of the individuals above set forth to purchase said stock as aforesaid shall be subject to these limitations:
In the event of a contemplated purchase of a substantial portion or all of the outstanding shares of stock of said Endicott Forging & Mfg. Co., Inc. by a third person or persons, which contemplated purchase may, in the sole judgment and discretion of my Executor, or his successor, if any, alter or affect the interest of the Kent Family in said corporation, or in the event of the merger, consolidation, or reorganization of said corporation, involving a transfer to a third person or persons, of a substantial portion or all of the outstanding shares of stock of said corporation as a prerequisite to the consummation of any such transaction, my Executor, or his successor, if any, may sell the stock of said corporation held by my estate to said third person or persons, free from the options conferred herein, and in such event, I give and bequeath to each of the individuals above listed, who are alive at the time of said sale and who otherwise would have been eligible to purchase said shares as above provided, the excess value per share at the time of such sale of the fourteen (14) shares so optioned to each of them over and above the value *930 per share as finally determined by said final Estate Tax audit; anything herein to the contrary notwithstanding, my Executor, or his successor, if any, may dispense with and cancel any such option herein above granted to the above described individuals listed in this paragraph if the delay caused by the exercise of such option may, in his sole and absolute judgment and discretion, jeopardize the interests of my estate, without incurring any liability to any beneficiary under this Will by reason of the failure of my said Executor, or his successor, if any, to first offer the securities so sold to the said individuals or any of them.
I hereby authorize and empower my Executor, or his successor, if any, to retain said shares of stock of Endicott Forging & Mfg. Co., Inc. even though such shares are not of the character prescribed by law for the investment of trust funds and without regard to the ratio that the value of such shares so held has to the entire amount of my estate. The fact that H. Cordon Kent is Executor of this Will and Helen Mallery Kent is alternate Executrix thereof shall not disqualify him from exercising his option under this paragraph.
I exonerate my Executor, or his successor, if any, from any depreciation or loss that may he sustained by reason of retaining the stock of the Endicott Forging & Mfg. Co., Inc. for such period of time as shall be deemed advisable by said Executor, or his successor, if any, but in no event longer than five years after my death, whether any depreciation or loss he due to an error of judgment or otherwise, provided such Executor, or his successor, if any, has exercised good faith and reasonable diligence in the execution of his duties.
The above provisions with respect to the stock of said Endicott Forging & Mfg. Co., Inc. shall include any and all stock split-ups, stock dividends, cash dividends, substitute securities, voting rights or other rights or interest in said stock, whether the same may have arisen from or been created by any merger, reorganization, readjustment, consolidation, voting trust or exchange affecting said shares of stock or otherwise.
Evidence given in this proceeding at said hearing shows that members of the Kent family held 1,378% of the total 4,261 issued shares of said Endicott Forging & Mfg. Co., Inc., on the date of the execution of the will of said testatrix and on the date of her death. Taken as a group, the Kent family was the largest stockholder of this company and still is. While not owning a majority of the stock, as the largest stockholders (taking the family as one entity) they certainly were dominant shareholders, which clearly indicates that the bequest in said paragraph fifteenth of the instant will was a bequest of stock in a closely held corporation.
It is my opinion from an examination of paragraph fifteenth of the instant will, that it was the clearly expressed intent of the testatrix to leave the stock of the Endicott Forging & Mfg. Co., Inc., to members of the Kent family, from which it had its source, and to give each of the 18 optionees named in said fifteenth paragraph of her will the right to purchase 14 shares of said stock and that such right was vested in them and was in effect a specific legacy, subject to a condition subsequent to be divested by nonperformance, (Matter of Casper, 161 Misc. 461, *931 revd. on other grounds 259 App. Div. 56; Matter of Mahlstedt, 140 Misc. 245; Matter of Kingsley, 67 N. Y. S. 2d 464, 470; Matter of Freeman, 139 Misc. 301; Matter of Mitchell, 114 Misc. 370; Matter of Jaynes, 3 Misc 2d 118; Matter of Maher, 5 Misc 2d 135; Ga Nun v. Palmer, 216 N. Y. 603, 609; Matter of Schwartz, 2 Misc 2d 542; Matter of Security Trust Co., 221 N. Y. 213; Matter of Tiffany, 157 Misc. 873; Matter of Kopff, 32 N. Y. S. 2d 85, 87; Matter of Davis, 184 Misc. 952; Matter of Moorhead, 65 N. Y. S. 2d 240, 242; Matter of Dreyfus, 192 Misc. 509; Matter of Strasenburgh, 136 Misc. 91; Matter of Ireland, 257 N. Y. 155, 158; Matter of Bosse, 246 Wis. 252.)
It is also my opinion that each of the optionees under paragraph fifteenth of the instant will, exercising their options to purchase the stock of the Endieott Forging & Mfg. Co., Inc., take the stock-splits and cash dividends thereon accruing after the death of said testatrix. (Matter of Lamborn, 171 Misc. 734, 736; Matter of Kingsley, supra; Matter of Security Trust Co., supra; Matter of Tuck, 171 Misc. 37; Matter of Adams, 90 Misc. 254; Matter of Cummings, 200 Misc. 322; Matter of Chertow, 109 N. Y. S. 2d 567, 571; Matter of Hicks, 272 App. Div. 594, affd. 297 N. Y. 924.)
The words “ unless and until ” used in the following portion of said paragraph fifteenth of the instant will, “ None of the incidents of ownership in said stock, such as stock split-ups, stock dividends or cash dividends, or voting rights shall pass to an individual listed in this paragraph who exercises his or her option unless and until title to the said fourteen (14) shares shall actually pass to such individual by reason of the exercise of the option by him or her and the delivery of the fourteen (14) shares to him or her ” simply postpone the possession of the optionees to each of their legacies. They relate merely to the enjoyment of the estate and not to the vesting of the right to their respective legacies. (Warner v. Durant, 76 N. Y. 133; Cammann v. Bailey, 210 N. Y. 19; Fulton Trust Co. v. Phillips, 218 N. Y. 573; Matter of Talbot, 126 Misc. 80, affd. 215 App. Div. 724; Matter of Banker, 223 App. Div. 496, affd. 248 N. Y. 596; Matter of Hedden, 12 Misc 2d 1034, 1037; Manning, Bowman Co. v. Keenan, 73 N. Y. 45, 56; Stein v. Dunne, 119 App. Div. 1, 7, affd. 190 N. Y. 524.)
The last paragraph of said paragraph fifteenth of the instant will, viz., ‘ ‘ The above provisions with respect to the stock of said Endieott Forging & Mfg. Co., Inc. shall include any and all stock split-ups, stock dividends, cash dividends, substitute securities, voting rights or other rights or interest in said stock, whether the same may have arisen from or been created by any *932 merger, ■ reorganization, readjustment-, consolidation, voting trust or exchange affecting said shares of stock or otherwise ’ ’ is not inconsistent with the last-above-quoted preceding portion of said paragraph fifteenth of the instant will by reason of the fact that testatrix clearly intended that each legacy to the optionees was specific, but in any event the canon of construction is that, “if extrinsic facts and circumstances do not reveal which clause is to be preferred, a later clause of a will is preferred over an earlier one.” (Matter of Gioe, 204 Misc. 1092; Van Nostrand v. Moore, 52 N. Y. 12.)
I hold and determine that said executor shall give to each of the optionees named in said paragraph fifteenth of the last will and testament of said Delphia Culver Kent, deceased, the opportunity to purchase the 140 stock-split shares representing the original 14 shares of stock of the Endicott Forging & Mfg. Co., Inc., and that each of said optionees accepting such offer and purchasing said stock is entitled to take all cash dividends accruing on said stock and said stock-splits from the date of the death of said testatrix to the date of delivery of said stock.
Enter decree on five days’ notice construing the will accordingly.